SPECIAL INDEMNITY FUND v. WOOD et al.

No. 31746. April 10, 1945.

*157 P. 2d 905.*

Mont R. Powell, T. D. Lyons, and L. B. Moore, all of Oklahoma City, for petitioner.

Cheek, Gibson, Savage & Benefield and Ray Teague, all of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents Wood and others.

Reily & Reily, of Shawnee, for respondent Robert Ray Lewis.

PER CURIAM. This is an original proceeding brought to review an award made against the Special Indemnity Fund, administered by the State Insurance Fund, in favor of Robert Ray Lewis, hereinafter called claimant, under the provisions of Title 85, Session Laws 1943, ch. 1, pp. 258-260, 85 O.S. 1943 § 171 et seq.

It was stipulated by the parties hereto that on the 14th day of February, 1943, claimant sustained an accidental injury arising out of his employment with Ernest Wood Casing Pulling Company. He was paid temporary total disability and the sum of $2,160 in addition to his temporary total disability for the loss of the left hand. On the 3rd day of July, 1943, while employed by the same employer, he sustained an additional injury to his head, ears, left and right hands, by reason of which he is now totally and permanently disabled. The State Industrial Commission, in applying section 2 of the above act, held that claimant was 75 per cent disabled by reason of the latter injury and ordered payment of $6,300 for 350 weeks at $18 per week for the second disability and ordered the Special Indemnity Fund to commence the payment of 126 weeks, or the balance of 150 weeks, less the temporary disability paid by the employer for the second injury.

. The Special Indemnity Fund alone prosecutes the proceeding and urges three propositions. It is first argued that the State Industrial Commission failed to make a specific finding that the claimant at the date of the second injury was a physically impaired person. With this contention we cannot agree.

Section 2, Title 85, Session Laws 1943, page 258, provides:

"If an employee, who is a 'physically impaired person,' receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this state, but the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. After payments by the employer or his insurance carrier, if any, have ceased, the remainder of such compensation shall be paid out of the Special Indemnity Fund provided for in section 3 of this Act, in periodical installments and without commutation thereof to a lump sum. In making its award, the Industrial Commission shall specifically find the amount the injured employee shall be, paid weekly, the number of weeks compensation which shall be paid by the employer, or his or its insurance carrier, the date upon which payments out of the Special Indemnity Fund shall begin, and, if possible, the length of time such payments shall continue; provided, however, the provisions and benefits of this Act shall not be available to any employee, who is a 'physically impaired,' person, and who is employed by an employer as defined by the Workmen's Compensation Law who shall fail to secure the payment of compensation benefits as required by law, but such employee shall not be precluded from receiving compensation for a later injury while employed by such employer, as is now provided by law, all of such benefits to be paid by such employer, aforesaid; provided, further, that nothing herein shall limit the amount of compensation now provided by the Workmen's Compensation Law for temporary disability, and such temporary disability, together with all medical expenses shall be paid as now provided by the Workmen's Compensation Law, and no part of the same shall be charged against such Special Indemnity Fund."

Plainly the claimant was a physically impaired person although working for the same employer at the time of the injury. It is sufficient compliance with section 1, Title 85, Session Laws, supra, if the State Industrial Commission finds from competent evidence that the claimant is a physically impaired person. Here the necessary finding is supported by an uncontradicted stipulation.

It is next argued that there is no competent evidence to support the finding that the claimant was rendered 75 per cent totally and permanently disabled by the second accident. In its statement before the State Industrial Commission the petitioner stated that it was its position that the employer would be liable for the loss of the right hand or 200 weeks and 40 per cent loss of the left hand or 80 weeks, a total of 280 weeks. The State Industrial Commission fixed the liability of the employer at 350 weeks and petitioner is in no position to complain of this alleged error.

Finally, it is argued that credit should be given the Indemnity Fund for the former payment for the first injury made by the employer to the claimant. Petitioner cites and relies upon State ex rel. Garwin v. District Court of Cass County, 129 Minn. 156, 151, N.W. 910. That case merely followed another view under a similar statute to ours prior to the enactment of Title 85, Session Laws 1943, supra, and has no application to the present situation. The remaining cases cited by petitioner have been noted. They are not under statutes similar to the above enactment. To argue that the Special Indemnity Fund created by Title 85, Session Laws 1943, supra, should be credited with the pay-

ment for permanent disability caused by the prior accident is to deny the enactment itself.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.