SPECIAL INDEMNITY FUND v. CHRISTY et al.

No. 32392.    Sept. 23, 1947.

*184 P. 2d 780.*

Mont R. Powell and Thos. D. Lyons, both of Oklahoma City, for petitioner.

Leo J. Williams, and James R. Eagleton, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to respondent, Joshua Bush Christy.

Respondent in due time filed his first notice of injury and claim for compensation in which it is stated that on May 31, 1944, while in the employ of Joslyn Refining & Supply Company, he sustained an injury to the elbow of his right arm resulting in permanent disability to the arm. In support of the claim respondent testified that on the date mentioned in the claim and while in the employ of Joslyn Refining & Supply Company and while working on a stack of poles he fell and injured the elbow of his right arm; that prior thereto, and in 1930, at the age of 8 years, he received an injury to such elbow consisting of fractured bones when he fell from a mule; that the bones did not properly unite and left his arm in a crooked and crippled condition. He further testified that notwithstanding the crippled condition of his arm he was thereafter still able to and did do hard manual labor until he received the last injury of May 31, 1944, since which time he is unable to do such work. The

evidence shows that by reason of the injury in 1930 respondent sustained a 35 per cent permanent partial loss of use of his right arm.

The medical testimony is in conflict on the question as to whether respondent by reason of the last injury sustained any additional permanent disability to the arm. Several physicians testified that he sustained no additional disability by reason of the last injury, but that his entire disability is due to the former injury. Doctors White and Stillwell, however, both testified that after having obtained a history from respondent relative to both injuries they examined his right arm and found that by reason of both injuries he sustained a 75 per cent permanent partial disability to the arm; that by reason of the first injury in 1930 he had sustained a 35 per cent partial disability to the arm, and that by reason of the last injury he sustained a 40 per cent permanent partial disability thereto.

The commission found that respondent, on May 3, 1944, while in the employ of Joslyn Refining & Supply Company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to the right arm; that respondent was at that time a physically impaired person in that in 1930 he sustained a prior injury to the arm; that by reason of both injuries claimant's disability is materially greater than the last injury standing alone, and that by reason of both injuries he had sustained a 40 per cent permanent partial loss of the use of the right arm; that by reason of the injury in 1930 he had a 35 per cent permanent partial loss of use of the right arm, and that by reason of the last injury on May 31, 1944, he had sustained a 5 per cent permanent partial loss of use thereof.

On these findings an order was entered awarding respondent compensation against the employer, Joslyn Refining & Supply Company and its insurance carrier in the sum of $225 or 12½ weeks at $18 per week, and against the Special Indemnity Fund in the sum of $1,575 or 87½ weeks at $18 per week.

The Special Indemnity Fund contends that the award is erroneous and contrary to law insofar as it imposes any liability whatever against it. It is not contended, however, that there is no competent evidence to sustain the findings upon which the award was entered. It is contended that under the evidence the award should have been against the employer and insurance carrier for the last injury alone; that the "physically impaired person act" (85 O.S. 1943 Supp., §171 et seq.), the act under which the award is entered, does not amend the Workmen's Compensation Act, creates no new liability, and that respondent cannot recover any greater compensation thereunder than he could have recovered under the law as it existed at the time of its enactment. Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016; Special Indemnity Fund v. Sims, 196 Okla. 101, 163 P. 2d 210; that under the law as it then existed and under the evidence in this case the only proper basis for an award is the difference between the permanent loss of use of the right arm prior to the last injury and the permanent loss of the use of the arm after such injury or such disability as was sustained by the last injury alone. In support of this contention the following authorities are referred to: Magnolia Petroleum Co. v. Brinlee, 167 Okla. 623, 31 P. 2d 565; Washita County Gin Co. v. Colbert, 162 Okla. 276, 19 P. 2d 1080; Indian Territory Illuminating Oil Co. v. Hendrixson, 158 Okla. 176, 13 P. 2d 137; Wise-Buchanan Coal Co. v. Risco, 150 Okla. 190, 1 P. 2d 411. These cases are not applicable or controlling in the instant case.

This case is governed by the rule announced in the cases of Special Indemnity Fund v. Gambrell, 196 Okla. 203, 164 P. 2d 240; Special Indemnity Fund

v. Farmer, 195 Okla. 262, 156 P. 2d 815.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, and LUTTRELL, JJ., concur.