## SPECIAL INDEMNITY FUND v. HILL et al.

No. 32406.   Oct. 28, 1947.

*186 P. 2d 72.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

A. L. Commons, of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to Jess Hill.   An award was also entered against Mahutska Mining Company and its insurance carrier, National Mutual Casualty Company.

Respondent in due time filed his first notice of injury and claim for compensation in which it is stated that on the 8th day of November, 1944, while in the employ of Mahutska Mining Company at Picher, Okla., and while engaged in repairing and adjusting a power shovel his left hand was caught in the gears causing injuries to his left thumb and left wrist resulting in some disability to the left hand.   Thereafter, on application of the mining company and its insurance carrier, Special Indemnity Fund was made a party to the proceeding.   It is stated in the application that respondent at the time he received his injury of September 8, 1944, was a

physically impaired person in that by reason of a prior accident he lost four fingers of his left hand.

The cause was assigned to trial commissioner for hearing, who in substance found that respondent, on the 8th day of September, while in the employ of Mahutska Mining Company sustained an accidental personal injury arising out of and in the course of his employment whereby he sustained a 50 per cent permanent partial disability to the left hand and that he was at that time a nonresident of the State of Oklahoma. The trial commissioner further found that at the time respondent sustained his injury of September 8, 1944, he was a physically impaired person in that by reason of a prior injury he had sustained the loss of four fingers to his left hand resulting in a 50 per cent permanent partial disability to the hand and that by reason of both injuries he has sustained 100 per cent loss of use of the hand. Upon these findings an order was entered awarding compensation against Mahutska Mining Company and its insurance carrier in the sum of $1,800, payable at the rate of $18 per week for 100 weeks and discharging the Special Indemnity Fund. The order discharging the Special Indemnity Fund is based on the theory that the Fund was created for the benefit of residents alone, and that nonresidents although injured while employed in this state could not participate in the Fund.

Respondent prosecuted an appeal from the order discharging Special Indemnity Fund to the commission sitting as a whole where upon due hearing the order was vacated.

The commission, after finding, in substance, that respondent on September 8, 1944, while in the employ of Mahutska Mining Company, sustained an accidental personal injury to his left hand resulting in a 50 per cent permanent partial disability to the hand for which he was entitled to compensation for 100 weeks at $18 per week or the total sum of $1,800, further found:

"That at the time of said injury, claimant was a physically impaired person in that he had lost by amputation all the fingers of the left hand at or below the middle joint in 1910, leaving the thumb and the body of the hand; that by a combination of both of said injuries, claimant has sustained a total or one hundred per cent loss of use of said hand to do and perform ordinary manual labor, and that the combination of said injuries is materially greater than the injury of September 8, 1944, standing alone; that claimant is therefore entitled to be paid compensation for 50 per cent loss of said hand as a result of said injury of September 8, 1944, by the respondent and insurance carrier herein, and that the Special Indemnity Fund thereafter pay claimant compensation for 50 per cent loss of the hand, or 100 weeks at $18 per week, in the total sum of $1,800, by reason of the facts hereinabove stated."

And upon these findings the commission entered an order awarding compensation against Mahutska Mining Company and its insurance carrier and Special Indemnity Fund accordingly.

Special Indemnity Fund challenges the award on the ground that it is not supported by competent evidence and is contrary to law. The evidence shows without dispute that the respondent on September 8, 1944, while in the employ of the mining company in Ottawa county, Okla., sustained an injury to his left hand. The medical testimony is undisputed that by reason of such injury he sustained a disability to the hand ranging from 50 to 75 per cent. It is also undisputed that respondent by reason of a previous accident had sustained the loss of four fingers of his left hand. The commission found that the loss of the four fingers resulted in a 50 per cent permanent partial disability to the hand. Special Indemnity Fund challenges this finding on the ground that there is no evidence to sustain such finding and that the commission arbitrarily converted the loss of the four fingers of the hand into a 50 per cent permanent partial disability thereto contrary to the rule announced in the case of Special

Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016. This contention cannot be sustained. The medical testimony is undisputed that the loss of the four fingers of respondent's hand entered into the hand and that it affected the hand in the performance of ordinary manual labor, and that by reason of the loss of the fingers he sustained a permanent partial disability to the hand ranging from 25 to 50 per cent. This evidence is sufficient to sustain the finding of the commission in this respect. Special Indemnity Fund v. Farmer, 195 Qkla. 262, 156 P. 2d 815.

The medical testimony is also undisputed that by reason of the combination of the disabilities respondent sustained a disability to the hand ranging from 90 per cent permanent partial disability to a total loss of use of the hand. The evidence is sufficient to sustain the finding and award of the commission.

It is, however, further contended by Special Indemnity Fund that the commission in entering an award against it should have allowed a credit or deduction against the amount allowed for the specific disability sustained by the loss of the four fingers. The evidence shows that respondent sustained his last injury on September 8, 1944, while the 1943 Act was still in force and prior to the enactment of the 1945 act, Title 85, chap. 8, Laws 1945. We have heretofore held that the credit and deduction claimed by Special Indemnity Fund was not authorized or required by the 1943 Act. Special Indemnity Fund v. Wood, 195 Okla. 357, 157 P. 2d 905. We see no reason for departing from the rule there announced.

It is finally contended that respondent at the time he sustained his injury was a nonresident of the State of Oklahoma; that he could not participate in the Special Indemnity Fund; that the Fund was created for the benefit of residents of Oklahoma only. There is nothing contained in the act which would justify such construction. The act applies to all employees who are physically impaired persons and who sustain a subsequent compensable injury occurring while engaged in performing work in this state. The act is not limited in its benefits to residents of the state.

The jurisdiction of the State Industrial Commission is not made to depend upon the residence of an injured employee but the commission has jurisdiction to award compensation where the injury occurs within this state although the injured employee is at the time a nonresident of the state. Associated Indemnity Corporation v. Landers, 159 Okla. 190, 14 P. 2d 950. The rule there announced applies to the Special Indemnity Fund.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON, J., dissents.