## SPECIAL INDEMNITY FUND v. HUNT et al.

No. 32632.    March 2, 1948.

*190 P. 2d 795.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Wayne C. Evans and A. M. Covington, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J.  On appeal to the commission en banc by the Special Indemnity Fund from the order of the trial commissioner, the commission vacated the award made by the trial commissioner because it found that the Special Indemnity Fund had had no notice of the entry of the award of the trial commissioner.  In its order on appeal, the commission said:

"It is further ordered that the terms and conditions of said order, dated November 14, 1945, and issued by Commissioner John Worley, be and the same is hereby reinstated by this Commission on appeal."

In the order of the trial commissioner, re-entered by the commission sitting en banc, it is found that claimant sustained an accidental personal injury arising out of and in the course of his employment, covered by the Workmen's Compensation Act, to his left leg October 28, 1944; that he sustained a 25 per cent permanent partial disability to said left leg by reason of that accident; that claimant was a "physically impaired person" on the date of said subsequent injury in that on March 8, 1925, he sustained an injury to said left leg which resulted in a 40 per cent permanent partial disability thereto; that by reason of the combination of said injuries, old and new, claimant had a permanent partial disability to said leg of 65 per

cent; and that said combined disability is materially greater than his disability would have been from the subsequent injury standing alone; that he was entitled to 113 75-100 weeks compensation at $18 per week, or $2,047.50, representing 65 per cent permanent partial disability to the leg. Of the aggregate amount awarded ($2,047.50) the commission ordered the employer to pay $787.50, being equivalent to 43 75-100 weeks' compensation or 25 per cent of the leg, according to the schedule. The Special Indemnity Fund was ordered to pay the balance of the aggregate award ($1,260), 70 weeks' compensation or 40 per cent disability to the leg, according to the schedule of the Workmen's Compensation Law and in the manner provided by the Special Indemnity Fund Act. The subsequent injury occurred before the passage of the amendment to the Special Indemnity Fund Act, 85 O. S. 1943 Supp. §§ 171-176.

A "physically impaired person," as defined by the act, who suffers a compensable injury under the Workmen's Compensation Law which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, is entitled to compensation on the basis of such combined disability as is now provided by the Workmen's Compensation Law. The Special Indemnity Fund Act is applicable only when the foregoing precedent conditions are shown to exist. As a necessary precedent to the application of the Special Indemnity Fund Act and the entry of an award thereunder by the commission, it must be shown that the claimant is a "physically impaired person" as defined in the Act; that he suffered a subsequent compensable injury under the Workmen's' Compensation Law which resulted in additional permanent disability; that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of previous impairment; that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone.

The foregoing prerequisite conditions on which the applicability of the Special Indemnity Fund Act rests are jurisdictional. In the absence of proof of their existence, the commission is without power or authority to enter any award under the Act. The Industrial Commission, being an administrative fact-finding board with certain judicial powers, is a quasi judicial body. But, unlike courts of record, it must not only determine its jurisdiction but must show the existence of its jurisdiction of record, so, therefore, it is not sufficient that the evidence show the existence of the foregoing prerequisites to the authority of the commission to enter an award against the Fund. These facts must be found by the commission and shown of record.

Upon competent testimony, the commission correctly determined that the claimant suffered an accidental, subsequent, compensable injury to his left leg which resulted in 25 per cent permanent partial loss thereof. The award therefor against the employer has been paid by the employer or his insurance carrier.

The commission found that claimant was, at the time of the happening of the subsequent or new injury, a "physically impaired person" by reason of his left leg having been broken below the knee, which injury, standing alone, constituted a 40 per cent permanent partial disability to said leg. Though the findings of the commission do not disclose specifically on which one of the four grounds specified by the statutory definition of a "physically impaired person" existed, it must be concluded that the physical impairment relied upon to show claimant a "physically impaired person" was "partial loss of use of a specific member such as is obvious and apparent from observation or examination by an ordinary layman."

The evidence tends to show that claimant's old injury broke both bones of the leg below the knee; that there was a knot on the leg in close proximity to the situs of the old fracture; that the leg by reason of the old injury was deformed; "that he looks like he had a disability"; that he "has a bad leg"; that he has a 40 per cent permanent partial disability to the leg.

This evidence is sufficient to support a finding, if made, that there existed a partial loss of use of a specific member, apparent to an ordinary layman upon examination. Such a finding, however, was not made. The commission merely found that the claimant was a "physically impaired person" by reason of an old injury to the leg which resulted in 40 per cent permanent partial disability to the leg.

Though no request was made by the Special Indemnity Fund for more specific findings on the question of whether the previous impairment was such as to be observable by an ordinary layman upon examination, the Special Indemnity Fund argues that such a finding must be made by the commission, supported by competent proof, before the authority of the commission to enter an award against the Fund attaches. On the other hand, it is argued that a general finding that claimant is a "physically impaired person" is sufficient to show the applicability of the Special Indemnity Fund Act and the jurisdiction of the commission to enter an award against the Fund if there is any evidence on the point which reasonably tends to support such general finding.

In Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, we pointed out the four ways an employee may be shown to be a "physically impaired person."

The commission has no authority to enter an order against the Fund until it is shown by competent proof that the employee is a "physically impaired person" as defined by the Special In-demnity Fund Act. That this jurisdictional requirement exists must be found by the commission and the testimony relied upon as supporting the finding will be weighed by us.

In the absence of a request for more specific findings by the commission as to the nature and extent of the impairment which it is claimed makes the employee a "physically impaired person", a general finding by the commission that he is such a person is sufficient, but this does not mean that the evidence on the point will not be weighed and an independent determination made by us on the question of the existence of jurisdiction to enter an award against the Special Indemnity Fund. The ultimate conclusion arrived at by the commission in general terms, that the claimant was a "physically impaired person," is entirely dependent in this case upon the existence of loss or partial loss of use of a specific member of the body (Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609, which was apparent to an ordinary layman upon examination. Suppose the Special Indemnity Fund Act did not include the expression "physically impaired person", but merely said that one who has suffered the loss of the sight of an eye, loss by amputation of the whole or part of a member, the permanent loss or permanent partial loss of the use of a member, apparent to an ordinary layman upon examination, or any theretofore determined disability, shall receive compensation on the basis of combined disability in the event of the happening of a subsequent compensable injury, etc. Would anyone doubt that the evidence on the "previous impairment" would be subject to our determination of its weight and sufficiency on review? The definition of a "physically impaired person" fixes the conditions precedent to attachment of jurisdiction of the commission over the Fund. The evidence thereon will be weighed on review and determined independently of the commission's general finding that an employee was a "physically impaired

4

person". If the evidence having been weighed by us, is sufficient to and did confer authority on the commission to enter an award against the Fund, the general determination that the employee was a "physically impaired person", will be approved. We have weighed the evidence and find it sufficient to sustain the commission's finding in general terms that the claimant was a "physically impaired person".

The sufficiency of the evidence on the question of the nature and extent of an injury, old or new, is determined on review by a different rule, that of "any evidence reasonably tending to support the finding of the commission." The extent of disability to a member or combined disability resulting from injuries combinable under the Workmen's Compensation Law will be sustained if sufficient under this rule.

The Fund is only liable for combined disability. There is no competent proof here of what the combined disability of the old and new injuries to the leg was. Though the commission found there was a combined disability of 65 per cent, the evidence only shows the disability resulting to the leg from each accidental injury considered as standing alone. This is not sufficient to support a finding of combined disability. Medical proof is necessary on the point.

The question of deduction of the old specific injury has been settled by us in cases arising before the 1945 amendment to the Special Indemnity Fund Act. Special Indemnity Fund v. Wood, 195 Okla. 357, 157 P. 2d 905; Special Indemnity Fund v. Hobbs. 196 Okla. 318, 164 P. 2d 980.

The Special Indemnity Fund concedes that this court's construction of 85 O. S. 1943 Supp. §§ 171 and 172, is contrary to its position that we should hold thereunder that the Legislature intended that the amount represented by the pre-existing condition should be deducted from the aggregate award based upon combined disability. In sup-

port of its contention and suggestion that these cases be overruled, it points out that the foregoing section 172 of the statute, supra, was amended, providing for such deduction, which is admitted, clearly showing, it says, that the Legislature intended when it adopted the original provision that such deduction should be made. In this connection it also points out that our interpretation of the original act permits, as here, double compensation for the old injury. Though this may all be true, the original provision is clear, distinct, unambiguous, and susceptible of no other interpretation than that which we gave it. This being true, it must be concluded that the Legislature simply saw that it had overlooked to make provision for deduction of the pre-existing condition. We decline, therefore, to overrule these cases and on the contrary reaffirm our holding therein.

Award vacated.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur. RILEY, J., dissents.