## SPECIAL INDEMNITY FUND v. BODINE et al.

No. 32325. Nov. 3, 1948.

*199 P. 2d 199.*

Mont R. Powell, Don Anderson, and Thos. D. Lyons, all of Oklahoma City, for petitioner.

James P. Devine, of Tulsa, B. W. Tabor and W. A. McInnes, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

RILEY, J. This is an original proceeding brought by the Special Indemnity Fund of the State of Oklahoma, administered by the State Insurance Fund, to review an award made against it jointly in connection with an injury sustained by claimant, Isaac W. Bodine, while employed by the Pine Street Lumber Company.

The evidence discloses that on April 12, 1944, while employed by the Pine Street Lumber Company, claimant crushed the palm and little finger of his right hand; that on December 22, 1943, while employed by another employer, he lost the first, second, and third fingers of the right hand and was awarded 51 per cent permanent partial disability for the loss of use of said hand for which he has been paid under the order and award of the State Industrial Commission. The State Industrial Commission found that by reason of the accidental injury, and the disability to the hand caused by the accident of December 22, 1943, he was a physically impaired person within the meaning and definition of 85 O.S. 1943 Supp. §172, and found that by reason of the accidental injury of April 12, 1944, he sustained a specific disability of 25 per cent to the right hand, which disability was ordered paid by the Pine Street Lumber Company, and that by reason of the combination of disabilities the degree of such disability was materially greater than that which would have been caused by the subsequent injury alone and awarded 76 per cent disability to the hand, the balance after the payment of the specific disability to be paid by Special Indemnity Fund.

654

The Special Indemnity Fund has brought this proceeding to review the award and in two propositions raises the single issue that it was the duty of the State Industrial Commission under 85 O.S. 1943 Supp. §172, to credit the Special Indemnity Fund with the former payments under the first award.

It is not argued that the evidence is insufficient to sustain the finding of the State Industrial Commission as to the degree of disability caused by either injury. Neither is it argued that the evidence is insufficient to sustain the finding of the State Industrial Commission that by reason of the combination of disabilities the disability is now materially greater than that which would have been caused by the latter injury alone.

The position of the Special Indemnity Fund cannot be sustained for the reason that we have consistently held to the contrary. Special Indemnity Fund v. Wood, 195 Okla. 357, 157 P. 2d 905; Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980; Cameron & Henderson Inc., v. Franks, 199 Okla. 143, 184 P. 2d 965; Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795.

In Special Indemnity Fund v. Hunt, supra, we stated:

"The Special Indemnity Fund concedes that this court's construction of 85 O.S. 1943 Supp. §§171 and 172 is contrary to its position that we should hold thereunder that the Legislature intended that the amount represented by the pre-existing condition should be deducted from the aggregate award based upon combined disability. In support of its contention and suggestion that these cases be overruled, it points out that the foregoing section 172 of the statute, supra, was amended, providing for such deduction, which is admitted, clearly showing, it says, that the Legislature intended when it adopted the original provision that such deduction should be made. In this connection it also points out that our interpretation of the original act permits, as here, double compensation for the old injury. Though this may all be true, the original pro-

vision is clear, distinct, unambiguous, and susceptible of no other interpretation than that which we gave it. This being true, it must be concluded that the Legislature simply saw that it had overlooked to make provision for deduction of the pre-existing condition. We decline, therefore, to overrule these cases and on the contrary re-affirm our holding therein."

Award sustained.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, and LUTTRELL, JJ., concur.