## HOWARD v. SPECIAL INDEMNITY FUND et al.

No. 34277. Feb. 13, 1951.

*227 P. 2d 641.*

Farmer & Kerr, Oklahoma City, for petitioner.

Mont R. Powell and Anthony R. Kane, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. On March 29, 1949, while employed as a carpenter by R. D. Mark of Chickasha, Oklahoma, the claimant, Frank Howard, sustained an accidental personal injury to his right knee. Claimant and said R. D. Mark settled the claim on joint petition for the sum of $800. The Special Indemnity Fund was made a party because of claimant's contention that, prior to said injury, he was a physically impaired person as a result of an injury to the same knee in 1943. In' the order approving the joint petition settlement, the State Industrial Commission reserved the right of claimant to proceed against the Special Indemnity Fund.

Thereafter, on the 29th day of April, 1949, claimant filed a motion to determine the liability of the Special Indemnity Fund. The Fund denied liability. At the conclusion of the hearing the trial commissioner entered an order denying an award against the Special Indemnity Fund and on appeal to the commission en banc the order denying the award was sustained. This proceeding is brought by claimant to review the order denying the award.

In a single proposition it is argued that since there is evidence in the record that claimant was a physically impaired person, it was error to deny an award and that the proceeding should be remanded to the State Industrial Commission to compute an award in some manner against the Special Indemnity Fund.

Claimant had sustained an accidental injury to his right knee in January, 1943, while employed by the Consolidated Contracting Company of Wichita, Kansas. He was forced to quit work for that company and returned to his home in Chickasha, Oklahoma. There was never any award or payment for the injury to the knee by the Kansas employer. In June, 1943, Dr. H. M. McClure performed an operation on claimant's knee and treated the knee for a time thereafter. On March 29,

1949, the claimant sustained the injury, when a ladder up which he was carrying shingles slipped, for which settlement was made on joint petition.

Dr. C. A. Gallagher filed a report stating that by reason of the accidental injury of 1943 and the accidental injury of 1949 claimant had a disability of 30 per cent; that the accidental injury of March, 1949, was very mild and did not diminish the function of the joint according to the patient's own statement. His conclusion was as follows:

" . . . there has been virtually no increase of disability from the second accident and definitely no increase to the member, over and above that which arises from the initial accident and the second very mild one."

Dr. J. J. Maril had filed a report in the proceeding on joint petition which was refiled by permission. It stated that claimant was still under treatment and that his present disability is the result of aggravation of a pre-existing condition and that claimant has 40 per cent permanent partial disability to the right lower extremity.

There are two reports filed by Dr. H. M. McClure. The first one is addressed "To Whom It May Concern" and is undated. Therein it is stated:

"This is to certify that I operated Mr. Frank Howard on June 28, 1943, at which time he had a rupture of the medial menisus, right knee and torn cruciate ligaments of the same knee. At the present time he has about 20% total, permanent disability of this knee."

In another, addressed to "Farmer & Kerr," attorneys for claimant, it is stated:

"About one month ago I had the opportunity to examine Mr. Frank Howard, who had a severe injury to his knee and was operated here June 28, 1943. I believe this man has a disability of about 20% as a result of his previous accident which occurred in 1943."

Based on this testimony the State Industrial Commission entered the order denying the award, the pertinent portion being as follows:

"That the demurrer is sustained for the reason that the weight of the evidence is insufficient to show that claimant sustained an increased disability by reason of the combination of said injury of March 29, 1949, to right knee and the said injury previously sustained on in January 1943 to said right knee; that there is no evidence to show that claimant was a previously impaired person as defined by the Law; therefore, claimant's claim for compensation should be denied."

The argument of claimant is, in effect, that since there is evidence in the record that by reason of the accidental injury of 1943 there was a permanent partial disability to the right knee, claimant was a physically impaired person and the State Industrial Commission erred in not entering some kind of an award against the Special Indemnity Fund. He also argues that since the settlement was for 20 per cent of the disability to a lower extremity and the record shows he has a disability of 40 per cent, he is entitled to 20 per cent against the Special Indemnity Fund.

The only case cited by either party is Special Indemnity Fund v. Ward et al., 199 Okla. 196, 185 P. 2d 186. That case is authority for the rule that where there is a combination of disabilities caused by a prior accidental injury and a subsequent injury, the liability of the Special Indemnity Fund is determined by subtracting from the compensation provided for the disability resulting from a combination of the injuries, the total of compensation provided for each individual injury. This is in harmony with the rule announced in Special Indemnity Fund v. Hunt et al., 200 Okla. 1, 190 P. 2d 795; Special Indemnity Fund v. McMillin et al., 198 Okla. 412, 179 P. 2d 475; and Special Indemnity Fund

v. Bonner et al., 198 Okla. 491, 180 P. 2d 191.

Each of the above-cited cases supports the rule as stated in Special Indemnity Fund v. Hunt, supra, as follows:

" . . . As a necessary precedent to the application of the Special Indemnity Fund Act and the entry of an award thereunder by the commission, it must be shown that the claimant is a 'physically impaired person' as defined in the Act; that he suffered a subsequent compensable injury under the Workmen's Compensation Law which resulted in additional permanent disability; that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of previous impairment; that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone."

There is no evidence in the record justifying a finding that by reason of the combination of the injury of January, 1943, and the injury of 1949, claimant has a disability materially greater in degree than that caused by the latter injury alone. Until there is such evidence in the record, the State Industrial Commission is not authorized to make an award against the Special Indemnity Fund.

The order denying the award is sustained.