**SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,**

v.

**Joseph Henry DAVIS and the State Industrial Court, Respondents.**

**No. 38750.**

Supreme Court of Oklahoma.

Aug. 2, 1960.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, Okl., for petitioner.

Clay Wise, Sam Hill, Oklahoma City, Okl., Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Claimant instituted proceedings for compensation against his employer the Rinderknecht Company, its insurance carrier, Employers Mutual Liability Insurance Company of Wisconsin and Special Indemnity Fund, petitioner (hereinafter referred to as the Fund), stating that on August 2, 1957, while engaged by the named employer, he sustained an accidental injury to his head which was occasioned by falling lumber. At the time of this injury, claimant stated, he was a. physically impaired person by reason of pre-existing disability from certain multiple prior injuries.

After a hearing on September 2, 1958, the trial judge found that as a result of his last injury claimant sustained 50 per centum loss of hearing in each ear and a permanent partial disability of 2.5 per centum to the body as a whole. Statutory compensation amounting in the aggregate to 112.5 weeks or $3,375 was adjudged against the employer. This award is now final.

On April 14, 1959, a proceeding was conducted to determine the claim as against the Fund, after which the trial judge entered an order finding, among others, as follows: (a) when claimant sustained his last compensable injury on August 2, 1957, he was a previously impaired person by virtue of numerous prior injuries, which impairment was obvious to an ordinary layman; (b) before his last accident on August 2, 1957, · claimant had permanent partial disability of 75 per centum to the body as a whole by virtue of pre-existing impairments; (c) · previous injuries in combination with the latter caused claimant to be permanently totally disabled.

Upon the findings as outlined the trial judge entered an order against the Fund for permanent total disability less the amount· of compensation allowed against the last employer. The State Industrial Court en banc affirmed the action on appeal.

The Fund brings the proceedings before this Court to obtain a review of the award. Challenged as unsupported by competent medical evidence is the finding of the tribunal below that claimant, prior to the last injury on August 2, 1957, had 75 per centum permanent partial disability to the body as a whole by virtue of the pre-existing impairments.

It is argued in substance that while both medical reports admitted on behalf of the claimant set forth the degree of disability suffered by him as a result of each individual prior accident, neither gave an opinion as to the percentage of disability produced by all the pre-existing impairments considered collectively. When added together, petitioner urges, these disabilities (recited in full in the order) amount only to 69 per centum. Hence the finding of the trial judge that before his last injury claimant had 75 per cent permanent partial disability by virtue of all of his previous accidents is wholly without support in evidence.

When prior injuries in combination with the latter produce permanent total disability, it is not essential, nor does the statute require, that the trial tribunal specifically determine the percentage of disability resulting from claimant's pre-existing impairments and there is no error in failing to make a finding on such issue. A fortiori, a mere inaccuracy or discrepancy in comput-

ing the degree of disability which constituted claimant a physically impaired person as defined by 85 O.S.1951 § 171, is deemed harmless and does not vitiate the award. It is manifest that neither a mere inaccuracy nor even an entire absence of such finding can operate to prejudice any right of the Fund, since compensation for disability attributable to prior impairments may not be deducted from the award against the Fund where claimant's combined injuries result in permanent total disability. Special Indemnity Fund v. Wright, Okl., 350 P.2d 936; Special Indemnity Fund v. Gentile, Okl., 350 P.2d 306; Special Indemnity Fund v. Simpson, Okl., 349 P.2d 635; Special Indemnity Fund v. Wilson, Okl., 348 P.2d 1072; Special Indemnity Fund v. Townsend, Okl., 346 P.2d 928.

■ Petitioner does not deny and the record amply sustains the conclusion that claimant, prior to his injury on August 2, 1957, was a physically impaired person as defined by 85 O.S.1951 § 171. Neither is it seriously disputed that there is competent medical proof upon which to base the finding that by reason of prior injuries in combination with the latter claimant is now permanently totally disabled. This evidence is sufficient to support the award.

Petitioner further argues claimant had had no injury "of any consequence" since 1947 and none since 1952. He was able to perform work as a cement finisher and the loss of hearing did not incapacitate him for employment in the present occupation.

■ There is a conflict between the medical proof of claimant and that introduced by the Fund. It is not our province to weigh the evidence:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not

be disturbed." City of Kingfisher et al. v. Jenkins et al., 168 Okl. 624, 33 P.2d 1094.

The findings of the State Industrial Court are not otherwise challenged. We conclude the evidence is sufficient to support the award. Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON and BERRY, JJ., concur.

BLACKBIRD, JACKSON and IRWIN, JJ., dissent.

JACKSON, Justice (dissenting).

In my opinion, the award against Special Indemnity Fund is contrary to law and should be vacated, for the principal reason that there is no finding and no evidence that the degree of disability resulting from the combination of the prior and recent disabilities is materially greater than that which would have resulted from the recent injury standing alone.

85 O.S.Supp.1953, Section 172 provides, in part, as follows:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this State. * * * Provided the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment. * * *."

The primary purpose of the Special Indemnity Fund Act is to encourage the employment of physically impaired persons by shifting the burden of the *increase in degree of disability* resulting from the com-

bination of prior and recent disabilities from the employer to the Special Indemnity Fund. Special Indemnity Fund v. Bonner, 198 Okl. 491, 180 P.2d 191; Special Indemnity Fund v. Davidson, 196 Okl. 118, 162 P.2d 1016. This principle is best illustrated by reference to 85 O.S.1951 § 22. In subdivision 3, provision is made for the loss of a hand, 200 weeks, of a foot, 150 weeks, of a leg, 175 weeks, and of an eye, 100 weeks. In subdivision 1, however, it is provided that loss of both hands, both feet, both legs, or both eyes shall constitute permanent total disability, 500 weeks. The increase in *degree* of disability resulting from the loss of both hands, for example, is 100 weeks, the amount that 500 weeks exceeds twice the compensation provided for the loss of one hand. Similarly, the *increase in degree* of disability resulting from the combination of loss of both feet, is 200 weeks, of both legs, 150 weeks, and of both eyes, 300 weeks.

It is this increase in degree of disability resulting from the combination of prior and subsequent disabilities which invokes the provisions of 85 O.S.Supp.1953, Section 172, and authorizes an award against the Special Indemnity Fund. In the absence of such increase in the *degree* of disability, there is no authority or reason for an award against the Special Indemnity Fund.

In Special Indemnity Fund **v.** Bonner, supra, we held, in the syllabus:

"An award against the Special Indemnity Fund, under the provisions of 85 O.S.1943 Supp. § 172, is authorized only when an accidental personal injury to a previously 'physically impaired person' as therein defined results in additional permanent disability so that the *degree* of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone; * * *" (Emphasis added.)

At page 192 of the Pacific Reporter opinion, we said:

"It is to be noted that an award can be made under the above statute only when the additional permanent disability combined with the previous disability results in materially increasing the 'degree of disability.' Of course, as found by the Commission, 'claimant's disability is materially greater' by reason of the latter injury, but this is not the test laid down by the statute. The combination of the two injuries must result in a 'greater degree of disability.'"

In Special Indemnity Fund v. Drye, 199 Okl. 553, 188 P.2d 359, we vacated an award against the Special Indemnity Fund resulting from combination of a prior eye injury with a recent leg injury, because of lack of evidence that claimant, as a result of such combination, sustained disability materially greater in degree than would have resulted from the leg injury alone. In paragraph one of the syllabus, we held:

"There is no authority under the Workmen's Compensation Act, 85 O.S. 1943 Supp. § 172, for making an award against Special Indemnity Fund for a pre-existing disability, in favor of a physically impaired person who has sustained a subsequent injury, *except insofar as the degree of disability is made materially greater by reason of the combination of both injuries."* (Emphasis added.)

In the instant case, the order awarding claimant compensation against the Special Indemnity Fund contained the following findings:

"That claimant's rate of compensation is $30.00 per week; that due to claimant's prior disability, he sustained 15 percent disability to his left arm in 1915; 15 percent disability to his right arm in 1924; 10 percent disability to his right foot in 1937; and an additional injury to his right knee in 1941, which resulted in a total disability of 30 percent to his right leg when combined with his right foot injury; 43 percent disability to his body as a whole by vir-

tue of a low back injury of 1947; and 5 percent disability to the body as a whole by virtue of an upper back injury of 1952; that all of said injuries were permanent in character; and all of said injuries resulted in 75 percent permanent partial disability to the body as a whole prior to claimant's last injury of August 2, 1957, to his head and ears.

"That due to claimant's last injury of August 2, 1957, he sustained 50 percent loss of hearing in each ear and 2.5 percent permanent partial disability to the body as a whole by virtue of other head injuries, which when computed on a bodily basis represents approximately 25 percent permanent partial disability to the body as a whole.

"*That by reason of the combination of claimant's last accidental personal injury and his prior disability, he is now permanently and totally disabled and is entitled to compensation for 500 weeks at $30.00 per week, or the total amount of $15,000.00,* less $29.16 paid on temporary total disability on the last injury, and less $3,375.00 paid on permanent partial disability for the last injury, leaving the Special Indemnity Fund obligated to pay claimant the total sum of $11,595.84 at the rate of $30.00 per week." (Emphasis added.)

It will be noted that there is a complete absence of any finding that the combination of claimant's recent and prior disabilities resulted in an increase in degree of disability materially greater than would have resulted from the last injury alone. In fact, it is apparent from an inspection of the order that no increase resulted from such combination, and that the court merely *added* to the 75% prior disability to the body as a whole the 25% disability to the body as a whole found for the recent injury, in arriving at the finding of 100% permanent disability for which compensation was awarded.

In Special Indemnity Fund v. Wilbanks, Okl., 340 P.2d 469, the order awarding claimant compensation against the Special Indemnity Fund was couched in language substantially the same as in the instant case. In vacating the award, we held, in the syllabus:

"Before the State Industrial Commission can enter an award against the Special Indemnity Fund, it must find (1) claimant is a 'physically impaired person' as defined in the Act; (2) that he suffered a subsequent injury under the Workmen's Compensation Law which resulted in additional permanent disability; (3) that the disability resulting from the subsequent injury is combinable with the disability therefore existing by reason of previous impairment; and (4) that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone; and it is not sufficient that evidence shows existence of such conditions."

Category "(4)", more completely stated in the language of the statute, would read, "that the combination of both disabilities, the old and the new, resulted in an increase in *degree of disability* materially greater than that which would have resulted from the subsequent injury alone." Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795; Special Indemnity Fund Administered by State Insurance Fund v. Christy, 199 Okl. 184, 184 P.2d 780.

In the instant case, not only is there an absence of any finding that the combination of prior and recent disabilities resulted in an increase in degree of disability materially greater than that which would have resulted from the subsequent injury alone, but also there is no medical evidence which would support such a finding if it had been made. The report of Dr. F. states, in pertinent part:

"It is my opinion that by combination of the previous disabilities to the body as a whole and in combination with the most recent injury, that this patient is now totally and permanently disabled from the performance of ordi-

nary manual labor as a result of the combination of the multiple injuries which the patient has sustained."

The report of Dr. R. states, in pertinent part:

, "Combining the above injuries with the presence of moderately severe osteoporosis with considerable osteoarthritis present throughout his body and the current disability of 25% to the whole body for the head injury which includes the result of loss of hearing, I would consider this man to be totally and permanently disabled for ordinary manual labor."

Under the authorities heretofore cited, such evidence is insufficient to support a proper finding and award against the Special Indemnity Fund.

For the above reasons, the award against the Special Indemnity Fund should be vacated. I, therefore, respectfully dissent to the majority opinion.