Roscoe Lonnie DODSON, Petitioner,

v.

SPECIAL INDEMNITY FUND and State Industrial Court, Respondents.

No. 42354.

Supreme Court of Oklahoma.

May 7, 1968.

A. D. Mason, James Wm. Brown, Tulsa, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here for review an order of the State Industrial Court denying

the claim of petitioner, claimant below, for compensation against the Special Indemnity Fund. Parties will be referred to as they appeared before the State Industrial Court. Respondent, Special Indemnity Fund, may sometimes be referred to as "Fund".

Claimant on June 7, 1961, while employed by Pryor Concrete Company as a truck driver, sustained injuries to his back and leg. He settled his claim for $2,750.00 on joint petition approved by the State Industrial Court. The settlement calculated on percentages amounted to approximately 18⅓ per cent to the body as a whole.

On October 12, 1961, while working for the same employer, claimant sustained a heart attack. This second claim was settled for the sum of $5000.00 on joint petition approved by the State Industrial Court on March 12, 1962. Calculated on percentages the second settlement amounted to approximately 33⅓ per cent to the body as a whole. The reports of two doctors were submitted in support of the joint petition settlement. Both found the claimant to be totally and permanently disabled as a result of the heart disability.

In the present proceeding claimant seeks recovery against the Special Indemnity Fund contending that on October 12, 1961, the date of the last injury, he was a physically impaired person as defined by Title 85 O.S.1961 Chapter 8 as amended and therefore entitled to an additional award against the Fund.

At the hearing before the trial judge on April 25, 1966, claimant submitted in evidence the medical report of Dr. C who found claimant to have sustained 60 per cent permanent disability to the body as a whole as the result of the injuries to his leg and back in the accident occurring on June 7, 1961, and to have sustained 40 per cent disability to the body as a whole as the result of the heart injury occurring on October 12, 1961.

Respondent submitted in evidence the medical report of Dr. G who found claimant to have sustained 40 per cent permanent disability to the body as a whole as a result of injuries to his back and leg in the accident occurring on June 7, 1961, and to have sustained 60 per cent to the body as a whole as the result of the heart injury occurring on October 12, 1961.

Both doctors found the claimant to be totally and permanently disabled and unable to perform ordinary manual labor.

The trial judge, on May 23, 1966, entered an order denying the claim for the reason "that the medical evidence is insufficient to show a material increase under the provisions of the law governing awards made against the Special Indemnity Fund."

Claimant appealed to the Industrial Court sitting en banc. The court sitting en banc vacated the order of the trial judge and directed the claimant to report to Dr. M for an examination.

Dr. M filed his report on October 17, 1966. Dr. M found the claimant to have sustained a permanent disability of 40 per cent to the body as a whole as the result of the injury to his back and leg occurring on June 7, 1961, and 50 per cent to the body as a whole as the result of the heart injury occurring on October 12, 1961. Dr. M further found that "as a result of the combination of the two injuries, that is conditions, and the material increase thereof * * * this man is a permanently totally disabled person for the performance of ordinary manual labor" which "represents a 10% material increase, due to the last incident of October 12, 1961."

The trial judge in reconsidering the case on December 15, 1966, following the report of Dr. M entered an award in favor of the claimant. The material portions of the award so entered are as follows:

"That at the time of his last injury, claimant was a previously impaired person by reason of an injury on June 7, 1961, resulting in 40 per cent permanent partial disability, said case being adjudicated by this Court; that as a result of his injury of October 12, 1961 and his prior injury claimant is now permanently and totally disabled to do ordinary manual labor, for which he is entitled to 500

weeks compensation at $30.00 per week, or the total sum of $15,000.00, less the 40 per cent permanent partial disability to the body as a whole or 200 weeks, by reason of the injury of June 7, 1961, less the 50 per cent permanent partial disability to the body as a whole, by reason of the injury of October 12, 1961, or 250 weeks; leaving the Special Indemnity Fund obligated to pay compensation to claimant for a period of 50 weeks at $30.00 per week or $1500.00, representing a material increase of 10 per cent.

"IT IS THEREFORE ORDERED, That Special Indemnity Fund begin payment to claimant of $30.00 per week, and continue same until claimant has been paid the sum of $1500.00; * * * ".

Claimant again appealed to the court sitting en banc. The court sitting en banc vacated the order of the trial judge entered by him on December 15, 1966, and readopted and affirmed the order entered by him on May 23, 1966. The order reads as follows:

"On January 16, 1967, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the trial Judge heretofore entered on December 15, 1966.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated and denied and the order of May 23, 1966, be adopted and affirmed.

"IT IS THEREFORE ORDERED that the order of the Trial Judge heretofore entered in this case on December 15, 1966, be and the same hereby is vacated and denied and the following order adopted and affirmed:

"That claimant's claim against the Special Indemnity Fund should be denied for the reason that the medical evidence is insufficient to show a material increase under the provisions of the law governing awards made against the Special Indemnity Fund.

"IT IS THEREFORE ORDERED, That claimant's claim should be denied."

Claimant appeals to this court. The case is now regularly before this court for hearing and disposition on the merits.

Claimant contends that the prior orders entered by the court in approving the joint petitions are final and the rights of the parties as to the extent of claimant's disability must be determined solely by the amounts reflected in the findings of the court approving the joint petitions. He argues that the percentage of disability fixed by the court in approving the joint petition settlement claim of the first claim is approximately 18⅓ per cent and in approving the second claim is approximately 33⅓ per cent. He contends that these percentages should control instead of the higher percentages fixed by the medical witnesses.

In Special Indemnity Fund v. Acuff, Okl., 383 P.2d 630, we held that in proceedings against the Special Indemnity Fund to recover additional compensation after the claimant has made a settlement with his employer on joint petition, the evidence entered and findings made by the court in approving the joint petition may be considered as prima facie but not conclusive evidence in subsequent proceedings against the Fund. It is subject to contradiction and impeachment by other evidence. In the present case the findings of the court are impeached and contradicted by claimant's own evidence. Claimant submitted medical testimony to the effect that claimant's permanent disability from the first injury was 60 per cent and from the second injury was 40 per cent. The findings made by the court in approving the joint petitions were elements to be considered in determining the rights of the parties in these proceedings but are not necessarily binding on the court.

■ Claimant contends that the order entered by the State Industrial Court denying the claim is not sustained by sufficient competent evidence. We have examined the evidence. There is some conflict but the conflict is not exceedingly great. We have held in cases of this character that

where there is a conflict between the evidence of the claimant and that of the Fund it is not our province to weigh the evidence to determine on which side the evidence preponderates. Special Indemnity Fund v. Davis, Okl., 354 P.2d 769. It is our duty to affirm the order of the State Industrial Court if it is sustained by reasonable, competent evidence. Quality Materials Co. v. Payne, Okl., 405 P.2d 51; Davis v. United Transports, Inc., Okl., 403 P.2d 474; LeFlore County Wholesale Grocery v. Heavener, Okl., 400 P.2d 167.

■ The finding of the State Industrial Court "that the medical evidence is insufficient to show a material increase under the provisions of the law governing awards made against the Special Indemnity Fund," is sustained by reasonable, competent evidence and is in accord with the law of this jurisdiction. See 85 O.S.1961, § 172.

The order is sustained.

All the Justices concur.