**STATE ex rel. MOTHERSEAD, State Bank Com'r, v. WILSON.**

No. 16147—Opinion Filed June 9, 1925.

Rehearing Denied Jan. 19, 1926.

1. **Appeal and Error—Subsequent Appeal—Law of Case—Proceedings Below in Conformity.**

Where the trial court has proceeded in conformity to the views of this court as expressed on a former appeal, and it is made to appear that the issues are the same and the evidence practically the same as on the former trial, its actions will not be questioned on second appeal.

2. **Chattel Mortgages—Action by Mortgagee for Possession of Property—Defense — Authorized Sales.**

The evidence reasonably tended to sustain the defendant's claim that the mortgagee had authorized the mortgagor to sell and dispose of the mortgaged property, and the court did not err in overruling plaintiff's demurrer to defendant's evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by State of Oklahoma ex rel. Mothersead, State Bank Commissioner, against W. R. Wilson. Judgment for defendant, and plaintiff appeals. Affirmed.

Leahy & Brewster, for plaintiff in error.

I. H. Cox, for defendant in error.

Opinion by RAY, C. Suit was brought by the Central State Bank of Muskogee as mortgagee for possession of an automobile for the purpose of foreclosing its mortgage. As ground for maintaining the action before maturity of the debt it was alleged in the amended petition that "The said O. B. Holmes (mortgagor), his agents, servants and representatives did, without consent of the plaintiff, remove said property from Muskogee county, Okla., into Okmulgee county, Okla., contrary to the provisions of said mortgage."

On a former trial verdict was for defendant. The verdict was set aside and a new trial granted. On appeal by defendant from the order granting a new trial the case was affirmed. Wilson v. Central State Bank, 92 Okla. 234, 218 Pac. 1061. On the going down of the mandate a supplemental petition was filed alleging the maturity of the note, the failure of the plaintiff bank, and the succession of the Bank Commissioner to its assets. The Bank Commissioner was substituted as plaintiff. The second trial resulted in judgment for defendant.

The Bank Commissioner appeals and presents two grounds for reversal:

"First, the court erred in allowing the introduction of incompetent, irrelevant, and immaterial testimony.

"Second, the court erred in refusing to sustain the demurrer of plaintiff to the testimony of defendant, and instruct a verdict for the plaintiff."

The first contention here is that the defendant, who claimed title to the automobile through an agent of the mortgagor, should not have been permitted to submit evidence of the mortgagee's consent to the sale until he had first shown a bona fide cash sale, in due course of business and in reliance upon knowledge by plaintiff of the facts which defendant claimed were sufficient to prove consent to the sale of the automobile by the bank.

The answer to this contention is that the issues are the same as on the former trial. It was so stated by counsel for the plaintiff when objection was made by defendant to going to trial on the amended petition without an opportunity to examine the amended petition and file answer. It was on that theory that the trial proceeded.

The law as stated in the former opinion being the law of the case, neither the nature of the different transactions by which defendant acquired the automobile nor his knowledge of the agreement or understand-

ing by the plaintiff bank and the mortgagor was in issue. The only issue to be submitted to the jury was whether the bank had, by its acts or conduct, granted the mortgagor authority to sell and dispose of the mortgaged property.

On the former appeal it was held:

"The allegations of the petition and answer created issues of fact for submission to the jury under proper instructions. Although the terms of the chattel mortgage required the written consent of the mortgagee for taking the property out of the county or selling it, the provision was for the benefit of the mortgagee and the latter might waive it by the conduct of its officers and agents independent of written authority. The only question of fact in this cause for submission to the jury was whether or not the mortgagee had by its acts or conduct, granted the mortgagor authority to sell and dispose of the mortgaged property."

The issues were the same as on the former trial. The evidence was practically the same. By agreement of counsel the testimony of the witnesses was read from the case-made of the former trial. There was no conflict of evidence. On the former appeal this court, on the same pleadings and practically the same evidence, pointed out the issue to be submitted to the jury.

"If upon a cause being remanded for a new trial the court below has proceeded in substantial conformity to the directions of the appellate court, its actions will not be questioned on a second appeal." Oklahoma City Electric, Gas and Power Co. v. Baumhoff, 21 Okla. 503, 96 Pac. 758.

2. The question is, Was there any evidence reasonably tending to prove that the bank had authorized the mortgagor to sell and dispose of the mortgaged property? The car involved was an Oldsmobile. The undisputed evidence was that C. B. Holmes, the mortgagor, had the agency for that make of cars in Muskogee, and handled on an average a carload a month; that when a shipment was received the bank advanced him the money to pay the purchase price and took a mortgage on the cars received as security; that they were then taken to the place of business of the mortgagor, placed in his sales room, and offered for sale to the trade by him and his agents, or taken out by him or his agents for demonstrating purposes; that when a sale was made the money was turned to the bank and credited on the account of the mortgagor; that the car here involved, and another car, were included in the mortgage in this case and the other car had been sold by the mortgagor and the money credited on his account in the bank.

The evidence was that these credits were not applied particularly on the notes for which the several mortgages were given to secure, but credited on the general account of the mortgagor. The money received from the sale of the other car included in the mortgage with this car was so applied.

The defendant's evidence reasonably tended to prove that the bank had authorized the mortgagor to sell and dispose of the mortgaged property. The demurrer to defendant's evidence was properly overruled.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. 1093; anno. 34 L. R. A. 321; 1 A. L. R. 1267. 2 R. C. L. pp. 223 et seq. 1 R. C. L. Supp. p. 459: 4 R. C. L. Supp. p. 94. 5 R. C. L. Supp. 84. (2) 11 C. J. p. 553.