SPECIAL INDEMNITY FUND v. DARR et al.

No. 32890.    March 15, 1949.

*203 P. 2d 881.*

Mont R. Powell, and Don Anderson, both of Oklahoma City, for petitioner.

Kenneth Schwoerke, of Oklahoma City, and Bill Kerr, of Purcell, for respondent Amel Darr.

O'NEAL, J.  This is an original proceeding brought by Special Indemnity Fund, administered by the State Insurance Fund as petitioner, to review an award made to Amel Darr against Special Indemnity Fund jointly with the employer, K. D. Emrick.  In so far as the award is made against the second employer, there is no contest in this proceeding.

The record discloses that on the 16th day of February, 1946, the claimant filed his first notice of injury and claim for compensation, stating that on September 25, 1945, while employed as a truck driver he fell from a truck, crushing his right leg and ankle and injuring his left eye.  On the 20th day of August, 1946, after hearings to determine the cause and extent of the disability, the State Industrial Commission found that by reason of a prior injury claimant was a physically impaired person due to the fact that he was blind in the right eye; that as a result of the accidental injury of September 25, 1945, he sustained a 20 per cent disability to the right foot.  An award of 30 weeks at $21 per week was made against the employer, Emrick.

Petitioner presents three propositions: (1) The award was computed by an arbitrary formula and is not sustained by the evidence; (2) The commission failed to deduct for the pre-existing disability; (3) The evidence is insufficient to establish that claimant was a physically impaired person.

Claimant in his brief concedes that the award was computed by an arbitrary formula and is void for want of sustaining evidence under the recent decision in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475.

Petitioner further contends that proof of a prior disability consisting of the total loss of the sight of one eye by a previous injury alone is not sufficient to prove claimant to be a "physically

impaired person" as defined in the statute, and that claimant must go further and prove by competent evidence that the loss of the sight of the eye is obvious and apparent from observation or examination by an ordinary layman who is not skilled in the medical profession.

Such is not the law. 85 Okla. St. Ann. §171 defines a physically impaired person, for the purposes of the Act, as follows:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission."

Thereunder a person coming under any one of four classes of persons may be a physically impaired person: First, a person who as a result of accident, disease, birth, military action or any other cause, has lost the sight of one eye; Second, any person who has by amputation lost the whole or a part of some member of his body; Third, any person who has suffered the loss of the use, or partial loss of the use of a specific member such as is obvious or apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession; and Fourth, any person who has suffered a disability which has previously been adjudged and determined by the State Industrial Commission.

It is only that class of persons who have suffered the loss of the use or partial loss of the use of a specific member of the body which the statute requires the impairment or partial disability to be "obvious and apparent from observation or examination by an ordinary layman." Any person coming within any of the other three classes need not prove the impairment, injury or disability to be obvious and apparent to an ordinary layman.

In this case, the uncontradicted evidence is, and it is conceded, that in 1930, when claimant was only about twelve years of age, he suffered an accidental injury by which he lost all of the sight of his right eye, and that loss is permanent.

Under the record, claimant is a previously impaired person as defined in the statute and it was not necessary or incumbent upon him to prove that the loss of the sight of his right eye is obvious and apparent from observation or examination by an ordinary layman.

The cause is remanded to the State Industrial Commission, with directions to vacate the award and for further proceedings consistent with the views herein expressed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.