POTEET v. SPECIAL INDEMNITY FUND.

No. 33322.    May 17, 1949.
Rehearing Denied June 14, 1949.

*206 P. 2d 1143.*

Leo J. Williams, Charles D. Crandall, and James R. Eagleton, all of Oklahoma City, for petitioner.

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J.  Pertinent to the questions raised in this review or original action, this record discloses that the claimant prosecuted his claim against his employer, the White Motor Com-

pany, and the Special Indemnity Fund, and showed by his evidence that claimant had sustained an old injury to one of his eyes which resulted in a permanent partial obvious loss of vision of 20 per cent. He does not here complain of the award made by the commission against his employer for permanent partial disability to his hand by reason of the new injury. Claimant's sole contention here is that the commission erroneously dismissed his claim against the Special Indemnity Fund because his evidence shows permanent partial obvious impairment of loss of vision to an eye by reason of an old injury.

In order for liability to attach under the Special Indemnity Fund Act against the Fund, it must be shown that claimant is a physically impaired person. A physically impaired person is defined by the Act to be "one who has suffered the loss of the sight of one eye . . . . " 85 O.S.A. §171. Where reliance that one is a physically impaired person is placed solely on the basis of previous loss of vision by old injury, it is necessary to show complete industrial loss of vision in an eye. The evidence on the part of the claimant in this case conclusively shows to the contrary. He was not 'shown to be a physically impaired person and there was no liability shown in this case against the Fund. The order of the commission in dismissing the action against the Fund was therefore correct.

Order sustained.