SPECIAL INDEMNITY FUND
· v. PATTERSON et al.

No. 33036. April 18, 1950.

*217 P. 2d 536.*

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for petitioner.

Kerr, Lambert, Conn & Roberts, of Ada, for respondent W. A. Patterson.

A. R. Daugherty, of Oklahoma City, for respondents Traders Compress Company and Associated Employers Lloyds.

Mac Q. Williamson, Atty. Gen., for State Industrial Commission.

WELCH, J. Claimant was employed as a night watchman for the employer, Traders Compress Company in Ada, Okla. On the night of June 8, 1945, he sustained an accidental injury when a part of a roof of a building was blown on to him during a windstorm. There was testimony that claimant sustained an injury to the left eye, resulting in a partial loss of vision, and testimony of a pre-existing loss of vision of the right eye.

The award reads in part as follows:

"That by reason of the combination of the injury received on June 8, 1945, to the left eye, and the pre-existing loss of vision of the right eye of 51.1%, claimant's disability is materially greater than the injury of June 8, 1945, standing alone, and that by the combination of the two injuries, claimant has a 29.8% permanent partial disability of the body as a whole, for which he is entitled to compensation for 149 weeks, less 51.1 weeks by reason of the 51.1% pre-existing disability of the right eye, or a total of 97.9 weeks at $14.00 per week; that of said amount respondent and insurance carrier are to pay the award of $119.00 8½ weeks at $14.00 per week, by reason of the 8 1/2 permanent partial loss of vision of the left eye as a result of said injury of June 8, 1945, the Special Indemnity Fund

shall pay the balance of said award, 89.4 weeks at $14.00 per week, or the total sum of $1251.60, both sums to be less the deductions hereinafter set out."

In the same accident he sustained a disability under the "other cases" provision of 85 O.S. 1941 §22, not involved or in dispute in this proceeding.

Petitioner first argues that the State Industrial Commission erred as a matter of law in entering an award against it for the reason that the uncontradicted evidence discloses that claimant is not a physically impaired person under the provisions of 85 O. S. 1943 Supp. §171. At the trial it was established that since about the year 1928 claimant has been for all practical purposes blind in his right eye. The principal eye specialist relied upon by claimant did not testify positively that there was a total loss of the right eye, but the purport of his testimony is to that effect. Two other eye specialists testified. They both stated positively that the claimant was industrially blind in the right eye. One of these specialists, called by the petitioner, stated that the vision in the right eye could not be corrected. In Poteet v. Special Indemnity Fund, 201 Okla. 440, 206 P. 2d 1143, it is stated:

"Where reliance that one is a physically impaired person is placed solely on the basis of previous loss of vision by old injury, it is necessary to show complete industrial loss of vision in an eye."

Under the evidence the State Industrial Commission was authorized to find that there was a complete loss of vision in the right eye. In fact, there was no evidence to dispute the fact that claimant had sustained a total loss of vision in the right eye. In Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, we stated:

"The definition of a 'physically impaired person' fixes the conditions precedent to the attachment of jurisdiction of the commission over the Fund. The evidence thereon will be weighed on review and determined independently of the commission's general finding that an employee was a 'physically impaired person.' If the evidence, having been weighed by us, is sufficient to and did confer authority on the commission to enter an award against the Fund, the general determination that the employee was a 'physically impaired person' will be approved."

We find that the claimant had sustained complete industrial loss of vision of the right eye. The finding of the State Industrial Commission that claimant was a physically impaired person is sustained by the evidence.

Petitioners contend the award is not supported by competent evidence, but was determined by arbitrary application of a mathematical formula, and further that there was not sufficient increase in the degree of disability resulting from the combination of the prior injury to the right eye and the disability to the left eye to justify an award against the Special Indemnity Fund.

There was medical testimony that claimant suffered an 8½ per cent loss of vision in the left eye as a result of the accident. There was medical testimony to the effect that under such circumstances and if claimant had already lost his right eye, the degree of disability caused by the combination of the disabilities is greater than that which would have resulted from the subsequent injury alone.

The rule in reference to application of mathematical formula in the determination of the cumulative effect of injuries is stated in the syllabus in Special Indemnity Fund v. McMillan et al., 198 Okla. 412, 179 P. 2d 475, as follows:

"In a case wherein an injured workman has suffered injury to two specific members, it is for the determination of the Industrial Commission as to the percentage of total disability with due regard to the cumulative effect of said injuries. The commission should make a determination thereof based upon the evidence introduced, both expert and otherwise, and should call upon their

own general knowledge and experience as men of common understanding and judgment. The arbitrary application of a mathematical formula, taking the percentage of disability to each member of the body separately, adding same together and dividing by two, cannot be applied to determine the degree of total disability, unless it reasonably appears from the record that same substantially reflects the degree of disability."

We are of the opinion that when the two eyes are involved, and when there has been a complete loss of vision in one eye and an impairment of the other eye to an extent as to increase the approach to total disability, that application of the formula referred to will substantially reflect the degree of total disability.

The cumulative effect of a total loss of vision in one eye and a loss of vision in the second eye is suggested in the terms of the statute providing compensation. In Maryland Casualty Co. v. State Industrial Commission, 139 Okla. 302, 282 P. 293, it was said:

"It was, doubtless, recognized that a workman might lose one eye and still be able to perform many kinds of work, hence the allowance of compensation for 100 weeks for the loss of one eye, while the loss of both eyes, under the terms of the act, constitutes permanent total disability, and compensation is allowed for 500 weeks. The loss of the second eye, therefore, authorizes four times the amount of compensation as the loss of the first."

In the Maryland Casualty Company case it is noted that the commission made a finding that claimant had 100 per cent loss of vision of his left eye and 50 per cent loss of vision of his right eye and that the same constituted a total permanent disability of 75 per cent. Like calculation of the cumulative effect of injury where both eyes are involved appears in Gilmore v. Booth, 155 Okla. 195, 8 P. 2d 717, and in Board of Com'rs of Oklahoma County v. State Industrial Comm., 168 Okla. 175, 32 P. 2d 327. In the Gilmore case an award for combined disability was made under a finding of 100 per cent loss of vision in an eye and a 5 per cent disability to the other eye.

Herein, under the clear weight of the evidence, claimant, prior to the accident, had such loss of vision of the right eye as to constitute industrial blindness of that eye. In the light of the medical testimony last above mentioned, we find there was competent evidence reasonably tending to support the finding of the commission that claimant suffered an 8½ per cent loss of vision of the left eye as a result of the accident and with a cumulative effect as applied to his disability of the body as a whole.

We have examined the evidence and found it sufficient to sustain the commission's finding in general terms that claimant was a "physically impaired person." And it is clear from the whole record that the amount awarded against the Indemnity Fund is abundantly supported by the evidence and that there is no excessive award whatever.

Award sustained.

DAVISON, C. J., and HALLEY, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and CORN, GIBSON, and LUTTRELL, JJ., dissent.

ARNOLD, V. C. J. (dissenting). In this case the Industrial Commission found that claimant sustained a 51.1 per cent loss of vision in the right eye by reason of an old condition. In order for the claimant to be a physically impaired person he must have sustained total industrial loss of vision in this eye. The majority opinion weighs the evidence on the point and holds that he does sustain total loss of vision in this eye. If so, I do not complain of this determination though it is seriously urged by the Special Indemnity Fund that the weight of the evidence sustains the commission's determination as to the existing disability by reason of the old condition in this eye. It is also seriously urged, and I think correctly so, that there is no medical testimony or other circumstances justifying the

determination of the commission that this loss of vision in combination with the loss of vision determined in the other eye by reason of the compensable injury amounted to 29.8 per cent. The order of the commission was necessarily based upon this determined combined disability. The Indemnity Fund Law requires that the number of weeks represented by the old permanent loss or disability shall be deducted. The commission in this case deducted 51.1 weeks because it had determined that the old loss of vision amounted to 51.1 per cent (the loss of an eye standing alone is 100 weeks). It is certain that no determination of combined disability has been made by the commission on the basis of total blindness in one eye and 8½ per cent loss of vision in the other. If 100 weeks or total loss of vision in the right eye by reason of the old condition is substracted from the combined disability found by the commission in this case, and the law requires it, the claimant will be materially prejudiced. Then, too, the claimant is entitled to have his award based upon a combination of the disability by reason of the old condition found by us to be loss of an eye and 8½ per cent loss of vision in the other eye. Surely this combined disability would be greater than that found by the commission based upon 51.1 per cent loss of vision by reason of the old condition and 8½ per cent loss of vision in the other eye. Thus it is demonstrated that justice and the law demands under the majority's finding that the award in this case be vacated so that the commission may make an award based upon the proof introduced upon a new trial.