SPECIAL INDEMNITY FUND v. EDMONDS et al.

No. 34100. July 11, 1950.

Rehearing Denied Oct. 3, 1950.

*222 P. 2d 742.*

Mont R. Powell and Anthony R. Kane, both of Oklahoma City, for petitioner.

Farmer & Kerr and Owen Townsend, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, V. C. J. Claimant, James T. Edmonds, sustained an accidental injury February 20, 1948, while employed by the Murphy Lumber Company as a truck driver. Following application on joint petition claimant and his employer settled the same by order of the State Industrial Commission entered May 28, 1949. By this settlement claimant was paid $1,050.

Thereafter, this proceeding was commenced and hearings conducted to determine the liability of the Special Indemnity Fund and April 4, 1949, the present order was entered. It is in part as follows:

"That on February 20, 1948, the claimant sustained an injury which resulted in a permanent disability of 50 per cent to his right eye, that prior to said time, in 1943, the claimant had sustained eye injuries and was a physically impaired person within the meaning of the act creating the Special Indemnity Fund at the time of said second injury.

"That as a result of the combination of both injuries, the claimant now has permanent disability of 60 per cent to the body as a whole, amounting to 300 weeks at $21.00 per week, or $6,300.00 compensation, that there should be deducted therefrom on account of the last injury, the sum of $1,050.00 representing 50 per cent to the right eye, or 50 weeks at $21.00 per week; and that there should be deducted, in addi-

tion thereto, the sum of $1,575.00, representing disability existing and subsisting by reason of the 1943 injury, making a total sum to be deducted of $2,625, and that the award, accordingly against the Special Indemnity Fund by reason of the excess of disability caused by the combination of both injuries is the sum of $3,675."

The Special Indemnity Fund brings this proceeding to review the award. Its first argument is that the claimant is not a physically impaired person within the meaning and definition of 85 O. S. A. §171. The evidence discloses that claimant while employed by a bottling firm in 1943 got some sort of solution in his right eye. Both eyes became affected by this injury but after being blind for four days his vision was restored. His left eye had always been weak. On the 20th day of February, 1948, while getting into the cab of his truck a limb of a tree struck him in the eye. It is claimed that this injury affected both eyes.

Dr. Luton filed a report in which he states that since the injury of February 20, 1948, the vision in both eyes has been greatly reduced. His examination revealed that the right eye was 20/200 correctible to 20/80 and the left eye was 20/70. He attributes the present disability to both eyes not to the injury of February 20, 1948, but to a recurrence of a former diseased condition of the eyes and the injury of 1943.

Dr. Randel filed two reports, one made at the date of the hearing on the joint petition and one in March of the year thereafter. In the first report he fixed the vision of the right eye at less than 20/200 and that of the left eye at 20/180 and stated that neither the injury of 1943 nor that of February, 1948, caused the disability but may have aggravated it. In the second report the doctor fixed the disability to the right eye at industrial blindness and the left eye at 20/180.

Dr. Wails filed a report for Special Indemnity Fund in which he states that the claimant is a malingerer. Therein the doctor states that claimant has marked loss of vision in both eyes, as much as 75 per cent to each eye; that there is no disability due to the injury of February 20, 1948.

Dr. Mosher filed a report for Tri-State Casualty Insurance Company at the time of the hearing on the application to settle on joint petition. He fixed the vision of each eye at 20/100. None of these reports or examinations disclosed the total loss of either eye prior to the accidental injury of February 20, 1948.

Dr. Wails is the only doctor who testified as to the percentage loss of vision by reason of the old condition or the compensable injury and there is no testimony in the record whereby the expressed vision, such as 20/100, may be transposed into percentage loss of vision.

85 O. S. A. §171 defines a physically impaired person. In Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, it is stated:

"The act specifically defines the term 'physically impaired person', and the operative force of the act is made dependent upon the existence of said condition. One of the four conditions set forth in the statute must be found to exist before the commission is authorized to make an award thereunder. They may be enumerated as follows: (1) Loss of the sight of one eye; (2) loss by amputation of the whole or part of some member of his body; (3) total or partial loss of use of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession; (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission."

There is no evidence of any disability prior to the accidental injury of February 20, 1948, except to the eye. In Poteet v. Special Indemnity Fund, 201 Okla. 440, 206 P. 2d 1143, it is stated:

"Where reliance that one is a physically impaired person is placed solely on the basis of previous loss of vision by old injury, it is necessary to show complete industrial loss of vision in an eye."

In the syllabus it is stated:

"Evidence that claiman.t sustained 20% permanent partial obvious loss of vision by old injury is not sufficient to show claimant against the Fund is a physically impaired person under the definition thereof. 85 O. S. A. §171."

In Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795, it is stated:

"The commission has no authority to enter an order against the Fund until it is shown by competent proof that the employee is a 'physically impaired person' as defined by the Special Indemnity Fund Act. That this jurisdictional requirement exists must be found by the commission and the testimony relied upon as supporting the finding will be weighed by us."

The evidence fails to disclose that claimant was a physically impaired person at the time he sustained his injury on February 20, 1948. Since there is no evidence to sustain the finding that claimant was a physically impaired person within the meaning and definition of 85 O.S.A. §171, an award against the Special Indemnity Fund was unauthorized.

This renders unnecessary a determination of the remaining propositions presented by petitioner.

The award is vacated and the cause remanded to the State Industrial Commission, with directions to proceed not inconsistent with the views herein expressed.