SPECIAL INDEMNITY FUND
v. SMITH et al.

No. 34904.    March 18, 1952.

*242 P. 2d 159.*

Mont R. Powell, Anthony R. Kane, and Sam Hill, Oklahoma City, for petitioner.

Kenneth B. Kienzle and Clarence Tankersley, Shawnee, and Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, J. This is a proceeding by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to respondent Sam Smith.

In his claim filed on September 8, 1949, respondent states that on July 29, 1949, while in the employ of Traders Compress Company, he sustained an accidental injury resulting in an injury to his left eye caused by some foreign object or substance which had lodged in the eye resulting in some permanent loss of vision of the eye. He further states that he was then a physically impaired person in that in 1908 he received an injury to his right eye at Cisco, Texas, when a steel band off a bale of cotton hit him in that eye. On April 12, 1950, he filed an amendment to his claim stating that when he sustained the injury to his left eye in 1949 he received some foreign substance in both eyes. Thereafter he filed a third amendment to his claim in which he changed the date of the injury from the 29th day of July to the 15th day of July.

The claim as between Traders Compress Company and respondent was settled on joint petition settlement whereby respondent agreed to accept $750 for his injury to his left eye sustained on July 15, 1949. The commission approved the settlement and awarded respondent compensation for that injury accordingly, with the provision that such award should not in any manner affect the right of respondent to proceed as against Special Indemnity Fund.

The trial commissioner after finding that respondent on July 15, 1949, while in the employ of Traders Compress Company, sustained an accidental personal injury to his left eye resulting in industrial blindness of that eye, further found.

"That prior to claimant's accidental personal injury of July 15, 1949, the

claimant herein in 1908 had sustained an injury to his right eye resulting in industrial blindness in the right eye and he is now industrially blind in the right eye; that at the time of said injury on July 15, 1949, the claimant herein was a physically impaired person under the Workmen's Compensation Law, and by reason of the combination of claimant's injury to the right eye in 1908 and the injury to the left eye in 1949, the claimant's permanent partial disability to his body as a whole has been materially increased, and the claimant is now permanently and totally disabled from the performance of ordinary manual labor, and is entitled to compensation for 500 weeks, less the 100 weeks for the injury of July 15, 1949, to the left eye, leaving 400 weeks at $18.46 per week, or the sum of $7,384.00 to be paid by the Special Indemnity Fund."

Special Indemnity Fund brings the case here to review this order. It is contended by it that the weight of the evidence established that respondent as a result of the injury received to his right eye in 1908 did not sustain loss of the eye but only sustained a partial loss of vision of that eye and that he was not therefore a physically impaired person within the meaning of the Special Indemnity Fund Act. 85 O. S. 1951 §171. If the evidence sustains this contention the rule contended for by Special Indemnity Fund must be applied. In Poteet v. Special Indemnity Fund, 201 Okla. 440, 206 P. 2d 1143, we said:

"In order for liability to attach under the Special Indemnity Fund Act against the Fund, it must be shown that claimant is a physically impaired person. A physically impaired person is defined by the Act to be 'one who has suffered the loss of the sight of one eye. . . .' 85 O. S. A. §171. Where reliance that one is a physically impaired person is placed solely on the basis of previous loss of vision by old injury, it is necessary to show complete industrial loss of vision in an eye. . .".

We do not, however, agree that the weight of the evidence sustains this contention. It shows, in our opinion, the contrary and shows that respondent as a result of the injury to his right eye sustained complete industrial loss of vision of that eye.

Respondent, in substance, testified: On July 15, 1949, he sustained an injury to his left eye while in the employ of Traders Compress Company when some foreign substance lodged in the eye which resulted in almost total loss of vision of the eye. In 1908 he received an injury to his right eye and after receiving such injury he had little, if any, vision left in that eye. On different occasions he put his hand over his left eye and that from the sight remaining in the right eye he could not safely walk about town. He could not see objects ahead of him until he came close to the object. He would pick up different articles from the floor and he could not tell what the articles were until he placed them close to the eye. On cross-examination he stated that when he received the injury to his left eye, he also received particles of dust and tar in his right eye and that the right eye became worse after that injury. He, however, also testified that he did not know whether he received any substance in his right eye when he sustained his injury to the left eye, but did not think he did and that the sight in his right eye remained the same after his injury to the left eye; that it neither got worse nor better, and testified that the disability and loss of vision he now has to the right eye existed at the time he sustained his injury to the left eye in 1949.

While the testimony of respondent is somewhat confusing, we think his evidence considered as a whole shows that the loss of vision occurring in his right eye was caused solely by the injury sustained to that eye in 1908.

The evidence of four physicians was taken at the hearing of the case. One of such physicians testified orally and the other three furnished medical reports which were admitted in evidence.

Dr. McFarling, who examined respondent shortly after he sustained the injury to his left eye, filed a written

report of the result of his examination, and after stating in detail the condition found to exist in both of respondent's eyes and upon obtaining a history from respondent as to both accidents, reached the following conclusion: Respondent, as the result of the injury sustained to his left eye, is totally blind in that eye and that as a result of the injury sustained to his right eye he had remaining a vision of 20/200 in that eye and that as a result of the injuries to both eyes he is permanently and totally disabled.

One of the other physicians who examined respondent's eyes reached the same conclusion as did Dr. McFarling except he made no statement as to the combined disability sustained by respondent as the result of his injury to both eyes. The third physician who filed a written report found that respondent as the result of the injury sustained to his left eye in 1949 had a vision left of 20/200 and that he then had a remaining vision in his right eye of 20/100, or 59.1 per cent loss of vision of the eye; that respondent's injury to his right eye was of long standing.

Dr. Guthrie, who examined respondent on the 6th day of September, 1950, testified orally, in substance, as follows: He obtained a history of the case from respondent which was substantially as testified to by him, and from such history and examination of his eyes, stated in his opinion respondent had as a result of the injury received to his left eye in 1949 remaining vision of 20/400 in that eye, which amounts to almost total blindness; that he had then remaining in his right eye a vision of 20/200; that the vision he now has in his right eye existed at the time he sustained his injury to the left eye in 1949; that as a result of the combination of injuries received to his eyes he was permanently and totally disabled; that a vision of 20/200 amounts to 80 per cent loss of vision and that such loss of vision constitutes complete industrial loss of vision which,

in other words, in our opinion amounts to loss of use of the eye.

Our statute, 85 O. S. 1951 §22, provides that permanent loss of use of an eye shall be considered as the equivalent of the loss of the eye.

It is conceded by counsel for the Fund that there is some competent evidence reasonably tending to support the finding and award of the State Industrial Commission, but that such finding is against the great weight thereof and further asserts that the question as to whether an employee is a physically impaired person is a jurisdictional question and this court is not bound to accept the finding of the State Industrial Commission as to such question, but will consider and weigh the evidence and make its own independent findings as to such question. With this contention we agree. We have so held in Special Indemnity Fund v. Hunt, 200 Okla. 1, 190 P. 2d 795.

We have carefully considered and weighed the evidence and conclude that the great weight thereof establishes that respondent as the result of the injury received to his right eye in 1908 sustained complete industrial loss of vision of that eye and is industrially blind in that eye as found by the commission, and is therefore a physically impaired person as that term is defined by 85 O. S. 1951 §171. Poteet v. Special Indemnity Fund, supra. In Special Indemnity Fund v. Patterson, 202 Okla. 637, 217 P. 2d 536, this court said:

"We find that claimant has sustained complete industrial loss of vision of the right eye. The finding of the State Industrial Commission that claimant was a physically impaired person is sustained by the evidence."

In that case the finding of the commission was that claimant as a result of his old injury sustained 51.1% loss of vision of his right eye.

We accept and approve the findings and award of the State Industrial Commission.

188

Award sustained.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.