**SPECIAL INDEMNITY FUND et al. v. FELLOWS et al.**

No. 35589.

Supreme Court of Oklahoma.

Oct. 6, 1953.

- ———◆——— -

Mont R. Powell, Sam Hill, William R. Saied, Oklahoma City, for petitioner.

Claud Briggs, Oklahoma City, Foy Edwards, Shawnee, Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, Justice.

On competent evidence introduced in support of claimant's claim for compensation from the Special Indemnity Fund as a physically impaired person the Commission found that prior to claimant's accidental injury of January 9, 1952, he sustained an injury to his head and right eye lid; that although he had sixty-five per cent vision in his right eye this vision was not usable because the eye lid was permanently drooped over the pupil of the eye so as to obscure the vision that he had, resulting in total industrial loss of vision of the right eye; that at the time of the accident of January 9, 1952, he was a physically impaired person as defined by the Workmen's Compensation Law, and that by reason of the combination of claimant's ninety per cent permanent partial disability to his right arm sustained by reason of the accidental injury of January 9, 1952, and his prior disability to his right eye his permanent partial disability to the body as a whole had been materially increased over that which would have resulted from the last injury alone; that as a result of the combination of the old injury to the eye and the new injury to the right arm claimant is now permanently and totally unable to perform ordinary manual labor for which he is entitled to be compensated by his employer in the sum of 11 weeks temporary total disability, 90 per cent permanent partial disability to the arm, being 225 weeks, and 264 weeks against the fund, all at $25 per week and made an appropriate order against the employer and the Special Indemnity Fund.

The employer paid the award assessed against it and is not involved in this appeal. The Special Indemnity Fund seeks review of the award made against it. The only error asserted here is that since there did not exist a complete loss of vision claimant was not a physically impaired person under the law.

Permanent loss of use of an eye constitutes loss of an eye. 85 O.S.1951 § 22; Special Indemnity Fund v. Smith, 206 Okl. 185, 242 P.2d 159. A physically impaired person is defined as "a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye * * *". 85 O.S.1951 § 171. An employee who has sustained permanent total industrial blindness in one eye is a physically impaired person within the meaning of the Special Indemnity Fund Act, supra.

The finding of the Commission that claimant at the time of his last injury was a physically impaired person and as a result of both injuries is now permanently and totally disabled is sustained by the evidence and its order based thereon will not be disturbed.

Award sustained.