SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

William Lester STOVEALL and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39505.

Supreme Court of Oklahoma.

Feb. 6, 1962.

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for petitioner.

James Duley, Ponca City, A. R. Daugherty, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

In the proceeding under review, claimant recovered an award against the Special Indemnity Fund, hereinafter called the Fund, for permanent total disability attributable to the cumulative effect of his pre-existing sightlessness in the right eye and industrial blindness in the left eye, considered in combination with the disability from his last accidental injury to the back on August 30, 1957.

According to the record, claimant's right eye became industrially blind as a result of a mining accident which occurred in 1938. While engaged for the last employer, claimant sustained, within the same year, four separate industrial accidents: (a) an injury to his right eyelid on January 18, 1957; (b) an injury to the right eye on August 2, 1957; and (c) two injuries to the same area of the back on August 16 and August 30, 1957. Claimant's left eye became industrially blind from a progressive disease process which seems to be unrelated to any accidental trauma.

Final disposition of claimant's single claim for the last two injuries to the back was effected on February 25, 1958, by an order approving a joint-petition settlement for $2,345.00. This sum represents approximately 15 per centum permanent (partial) disability to the body as a whole. Separate claims, filed by claimant for his two injuries to the right eye and eyelid, were consolidated for disposition. According to undisputed evidence adduced at the hearing (in which the Fund participated), the injury of January 18, 1957, involved only the eyelid and did not produce any damage to claimant's right eye. The sole issue formed in this proceeding was that of a causal connection, if any, between an intra-ocular hemorrhage in claimant's right eye on August 2, 1957, and the accidental injury alleged to have occurred on that day. At this hearing there was no issue either as to claimant's pre-existing industrial blindness in the right eye or as to his total loss of sight therein subsequent to the hemorrhage of August 2, 1957. The trial judge denied claimant an award for the injuries to the right eye and eyelid, based on the finding that neither temporary nor permanent disability resulted therefrom. While an appeal from this decision was pending before the trial tribunal en banc, and immediately after submission of oral argument, the parties submitted a compromise agreement by joint-petition, which was approved on February 25, 1958. Under the terms of this settlement, claimant received the sum of $300.00. This amount represents 10 per centum permanent (partial) loss of vision.

The single issue raised by the Fund on review is whether claimant was correctly adjudged to be a "physically impaired person" within the meaning of the statute, 85 O.S.1951 § 171. This presents a jurisdictional question and this Court is neither bound nor concluded by the determination below. Special Indemnity Fund v. Hunt et al., 200 Okl. 1, 190 P.2d 795.

So far as material to the argument of the Fund, the findings of the trial tribunal are as follows:

"1.

"That claimant was not a physically impaired person within the meaning of Workmen's Compensation Law on January 18, 1957, and August 2, 1957, hence had no combinable injuries.

"2.

"That on August 30, 1957, claimant was a physically impaired person by reason of blindness in one eye * * *"

Under the provisions of 85 O.S.1951 § 171, the loss of one eye constitutes a workman a physically-impaired person. The evidence firmly establishes that after August 2, 1957, claimant's right eye, though intact and not surgically removed, was totally blind. Moreover, it is also undisputed and the proof amply shows that even before his two injuries to the right eye (of January 18, 1957 and August 2, 1957) claimant was industrially blind in that eye.

Permanent loss of use of an eye is considered by force of statute as the equivalent of the loss of such eye. 85 O.S.

1959 Supp. § 22, subdiv. 3. Industrial blindness in an eye is treated under the Workmen's Compensation Act as synonymous with complete destruction ot sight in such eye and hence constitutes total loss of vision in the organ so impaired. Special Indemnity Fund v. Fellows et al., Okl., 261 P.2d 899; Special Indemnity Fund of State v. Woodrow, 206 Okl. 580, 245 P.2d 445; Special Indemnity Fund v. Smith, 206 Okl. 185, 242 P.2d 159; Ravelin Mining Co. v. Viers et al., 201 Okl. 12, 200 P.2d 433.

 The provisions of the Special Indemnity Act, 85 O.S.1951 § 171, do not require that in order to render claimant a physically-impaired person the loss of an eye be "obvious and apparent from observation or examination by an ordinary layman". Nor is it necessary that such loss of an eye be established by a prior award of compensation therefor. The evidence is sufficient if it shows, as it does in this case, that an impaired eye is either industrially blind, or its visual acuity is completely lost. Special Indemnity Fund v. Darr et al., 201 Okl. 212, 203 P.2d 881; Special Indemnity Fund v. Fellows, supra. Compare Special Indemnity Fund v. Edmonds et al., 203 Okl. 419, 222 P.2d 742; Poteet v. Special Indemnity Fund et al., 201 Okl. 440, 206 P.2d 1143, 1144.

The Fund appears to lay great stress and attaches undue significance to the trial tribunal's determination (in paragraph 1 of its findings as heretofore quoted) that claimant was not a physically-impaired person on January 18 and August 2, 1957. The finding so made was entirely outside the issues raised by the evidence and does not form the basis for the award. The controlling issue below, as well as on review, is whether, at the time of his *last accidental injury* on August 30, 1957, claimant was a physically-impaired person because he was either industrially blind, or had a complete loss of vision in one eye. This issue was clearly and properly resolved in paragraph No. 2 of the quoted findings. The trial tribunal's determination on this decisive point of inquiry is consonant with undisputed proof that claimant's right eye was to-

tally sightless before the occurrence of his injury on August 30, 1957.

There was no error in adjudging that claimant was a physically-impaired person at the time of his last accidental injury. The award, not being otherwise challenged, is accordingly sustained.