SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Coleman POGUE and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40321.

Supreme Court of Oklahoma.

Jan. 21, 1964.

Rehearing Denied Feb. 25, 1964.

Mont R. Powell, Fred Nicholas, Jr., Oklahoma City, for petitioner.

James M. May, McAlester, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

IRWIN, Justice.

■ The award under review finds claimant permanently totally disabled from the cumulative effect of previous impairments considered in combination with the last injury standing alone. The last accidental injury, which resulted in undetermined quantum of permanent damage to claimant's lungs, occurred on September 4, 1959. The applicable statutes then in force—85 O.S.1961 § 171 and 85 O.S.Supp. 1959 § 172—are correctly conceded to govern in this proceeding the liability of the Special Indemnity Fund (hereinafter called the Fund). Special Indemnity Fund v. Acuff, Okl., 383 P.2d 630, 633. Claimant's status as a physically impaired person did not present a disputed issue below nor is it controverted on review.

Dispositive of this proceeding is the Fund's contention that the award is erroneous because it rests on a medical evaluation of claimant's overall condition which improperly takes into account a disability factor whose combination with the last accidental injury standing alone is unauthorized by law.

According to the letter-reports of Dr. D, which form the basis for the award, claimant, when last injured, (a) was permanently sightless in the right eye; (b) *had 60 per centum permanent loss of vision in the left eye (or 20/100 visual acuity);* and 5 per centum permanent (partial) disability to the right hand. It stands undisputed that claimant's left eye did not become industrially blind until nearly a year *after* the last accident.

■ For the purpose of determining claimant's aggregate disability in a proceeding against the Special Indemnity Fund, only those pre-existing disabilities which render claimant a physically impaired person, as defined by 85 O.S.1961 § 171, are authorized to be considered in combination with disability from the last accidental injury standing alone. Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180; Bermea v. State Industrial Court, Okl., 378 P.2d 857; Special Indemnity Fund v. Acuff, supra; Special Indemnity Fund v. Turk, Okl., 382 P.2d 419. A pre-existing disability is one which antedates claimant's last

accidental injury. Special Indemnity Fund v. Stoveall, Okl., 368 P.2d 847, 849.

 An antecedent unadjudicated *partial* loss of vision in an eye, does not render claimant a physically impaired person as defined by 85 O.S.1961 § 171. Special Indemnity Fund v. Edmonds, et al., 203 Okl. 419, 222 P.2d 742; Poteet v. Special Indemnity Fund, et al., 201 Okl. 440, 206 P. 2d 1143, 1144. The evidence, to be in sufficient compliance with the requirements of the cited statute, must show that the impaired eye was, at the time of the last accident, either industrially blind or completely without any visual acuity. Special Indemnity Fund v. Stoveall, supra; Special Indemnity Fund v. Woodrow, 206 Okl. 580, 245 P.2d 445, 447.

There was error in resting the Fund's liability on medical opinion, which, in evaluating claimant's aggregate condition, took into consideration a disability factor whose combination with the last injury standing alone is unauthorized by law. Special Indemnity Fund v. Tyler, supra; see also, Bermea v. State Industrial Fund, supra.

Claimant urges that the decisions last cited do not involve prior eye impairments and argues that they are hence inapplicable to the present case. He urges that a distinction should be drawn because disability produced by an injury to one eye may be measured by its cumulative effect on both visual organs. Cited in support of this statement is Starr Coal Co. v. Evans, et al., 199 Okl. 342, 184 P.2d 638, 640. This rule might be of significance herein had claimant's last injury resulted in impairment of his left eye. See, Special Indemnity Fund v. Patterson, 202 Okl. 637, 217 P.2d 536. However, the last injury did not involve claimant's left eye and at the time of the injury, any disability that claimant may have had in his left eye did not render him a physically impaired person as defined by Sec. 171, supra.

Our conclusion renders it unnecessary to discuss other errors advanced by the Fund. The award is vacated without prejudice to further proceedings in accordance with the views herein expressed. Special Indemnity Fund v. Roberts, Okl., 356 P.2d 561, 563.

Award vacated.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.