**SPECIAL INDEMNITY FUND, Petitioner,**

v.

**Don LIGGENS and the State Industrial Court, Respondents.**

**No. 40506.**

Supreme Court of Oklahoma.

Sept. 30, 1964.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Harold Dodson, Rinehart, Morrison & Cook, Oklahoma City, for respondent Don Liggens.

Charles Nesbitt, Atty. Gen., Oklahoma City, for State Industrial Court.

BERRY, Justice.

This is an original action to review an order of the State Industrial Court entered March 12, 1963, awarding Don Liggens, hereinafter called claimant, permanent total disability compensation. This cause previously was heard and determined by this Court in an earlier proceeding. Therein we vacated an order of the Industrial Court denying compensation upon the ground that it is incumbent upon this Court to make independent determination as to whether a claimant is a physically-impaired person within the meaning of 85 O.S.1961 § 171. See Liggens v. Special Indemnity Fund et al., Okl., 370 P.2d 303.

Upon further hearing in the industrial Court, responsive to this Court's mandate in the cited case, it was stipulated claimant was a physically impaired person within the meaning of the Act, supra, by reason of multiple sclerosis in the left hand or arm. Thereafter claimant offered the testimony of lay witnesses to show that claimant suffered from previous disability by reason of the condition of his eyes, which condition was obvious and apparent to a layman.

Claimant's asserted position was that this was not a total loss of vision but was a partial loss of vision under the medical evidence. The trial judge reserved ruling and allowed claimant to introduce lay testimony bearing upon partial loss of vision, subject to same being stricken under the Fund's objection thereto. The lay testimony established that claimant's vision was defec-

tive and evidenced by inability to get around in close places, and principally in the summertime his eyes were noticeably coated with mucous and he lacked side vision.

Medical evidence in claimant's behalf found permanent total disability based upon "almost completely industrially blind in both eyes" combined with disability of the left arm, together with additional disability to right arm resulting from accidental injury. The medical report was objected to for the reason it combined partial loss of vision with other injuries in fixing total disability. A medical report by respondents' doctor was objected to by claimant because it failed to combine partial loss of vision with other injuries.

After hearing the evidence the trial judge entered an order which, insofar as pertinent, found:

"-2- That at the time of said injury claimant was a previously impaired person due to multiple sclerosis, causing marked impairment of claimant's left arm, obvious and apparent to an ordinary layman; that in addition thereto claimant as a further result of said disease was *almost* industrially blind; that as a result of claimant's multiple sclerosis, affecting claimant's left arm and vision, he has suffered 85% permanent partial disability to his body as a whole prior to his last injury. That as a result of claimant's last injury combined with his previous disability, he is now permanently and totally disabled for the performance of ordinary manual labor, for which he is entitled to receive from the Special Indemnity Fund 500 weeks' compensation, less 71 weeks' compensation paid claimant by reason of his last injury of February 25, 1960, or 429 weeks at $30.00 per week, or the total amount of $12,870.00." (Emphasis supplied.)

This award was fixed by combining the adjudicated permanent partial disability to the right arm resulting from the last injury (20%) with 85% permanent partial disability to the body as a whole, resulting

from multiple sclerosis existing prior to the last injury and causing marked impairment of the left arm, together with "almost industrial blindness" as a further result of such disease.

The petitioner, hereafter referred to as the Fund, urges four propositions in seeking vacation of the order here for review. Disposition of the proceeding turns upon the question whether partial loss of vision constitutes previous physical impairment within the meaning and intent of 85 O.S. 1961 § 171, which defines a physically impaired person. If partial loss of vision does not constitute physical impairment, then it follows that an award entered upon the basis of combining partial loss of vision with other injuries was erroneous and cannot stand.

The statute, supra, defining physically impaired persons enumerated four conditions, and a finding of physical impairment is dependent upon existence of one of these conditions or qualifications:

(1) Loss of sight of one eye;

(2) Loss by amputation of whole or part of a member of the body;

(3) Total or partial loss of a specific member as is obvious and apparent from observation or examination by an ordinary layman, a person not skilled in the medical profession;

(4) A disability which previously has been adjudged and determined by order of the State Industrial Court.

See Special Indemnity Fund v. Keel, 196 Okl. 315, 164 P.2d 996.

No evidence was introduced, and no contention is made, that claimant's right to compensation could have arisen under Subdivisions (1), (2) or (4), thus leaving for consideration only a case properly falling within the 3rd qualification. Because of the language of the 3rd qualification and certain earlier decisions, claimant contends that total or partial loss of any of the parts of the body classified in the schedule, 85 O.S.1961 § 22(3), is subject to being combined with the last injury in determining

physical impairment and compensable disability, insofar as applicability of the Special Indemnity Fund Act is concerned.

■ Supporting this argument claimant directs attention to the rule announced in Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609, p. 611, wherein we held that parts of the body not enumerated or classified in 85 O.S.1961 § 22(3) are not combinable with other injuries. Thus since the eye is included in the schedule, claimant urges that a partial loss is combinable. The result in the Wade case was reached upon the basis of the evident legislative intent to make the Special Indemnity Fund liable only in those cases where the preexisting condition, which caused an injured employee to be categorized as physically impaired, involved one of the parts of the human body scheduled and classified under Sec. 22(3), supra. This decision has been recognized and applied in later cases. Special Indemnity Fund v. Roberts, Okl., 356 P.2d 561; Special Indemnity Fund v. Smith, Okl., 349 P.2d 759, 761, and Special Indemnity Fund v. Fite, Okl., 361 P.2d 220.

■ Decisions from this Court involving the Fund, based upon industrial blindness or complete loss of visual acuity, are too numerous to cite and discuss separately. Our most recent decisions, recognizing that a person must be industrially blind before loss of vision in an eye constitutes the workman a physically impaired person are: Poteet v. Special Indemnity Fund, 201 Okl. 440, 206 P.2d 1143; Special Indemnity Fund v. Edmonds, 203 Okl. 419, 222 P.2d 742; Special Indemnity Fund v. Smith, 206 Okl. 185, 242 P.2d 159; Special Indemnity Fund v. Woodrow, 206 Okl. 580, 245 P.2d 445; Special Indemnity Fund v. Fellows, Okl., 261 P.2d 899; Special Indemnity Fund v. Long, Okl., 281 P.2d 933; Special Indemnity Fund v. Wright, Okl., 350 P.2d 936; Special Indemnity Fund v. Stoveall, Okl., 368 P.2d 847; Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180; Special Indemnity Fund v. Pogue, Okl., 389 P.2d 629. Each of these cases recognizes and applies the rule that loss of sight of one eye, or

complete industrial loss of vision therein is required before an injured workman may be found to be a physically impaired person.

■■ As reflected by the cited cases, in every instance wherein asserted physical impairment has been based upon partial loss of vision, the claim has been denied upon the ground that permanent partial loss of vision does not provide grounds to support a finding that the injured employee is physically impaired within the meaning of the statute. In Poteet v. Special Indemnity Fund, supra, we stated "* * * Where reliance that one is a physically impaired person is placed solely on the basis of previous loss of vision by old injury, it is necessary to show complete industrial loss of vision in an eye. * * *" The requirement is not that sight be lost by industrial accident, but only that sight be so impaired as to result in industrial blindness. Special Indemnity Fund v. Darr, 201 Okl. 212, 203 P.2d 881; Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873, and Special Indemnity Fund v. Stoveall, Okl., 368 P.2d 847, supra.

Most recently, in Special Indemnity Fund v. Pogue, supra, we held that an award based upon showing that claimant was physically impaired because suffering from 60% permanent partial loss of sight in one eye was unauthorized by law, since permanent partial loss of vision could not be considered as a factor in evaluating disability as a physically impaired person. The soundness of the rule is not open to question.

■ The Legislature has seen fit to require total loss, or loss of use to the extent of industrial blindess, of an organ of sight as a prerequisite for a finding of physical impairment which may be combined with further injury in determining the extent of permanent disability. Should the Legislature desire to rest physical impairment upon partial loss of vision less than industrial blindness this could have been accomplished, and still may be resolved, by the simplest amendatory language. In absence of specific legislative declaration that in-

jury to the eye which results in a loss of vision less than industrial blindness is sufficient upon which to base a finding of physical impairment under Sec. 171, supra, we adhere to the rule of the cases above cited.

The award is vacated without prejudice to further proceedings in accordance with the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.