SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by State Insurance Fund, Petitioner,

v.

Nath BONNY, Jr., and the State Industrial Court, Respondents.

No. 41712.

Supreme Court of Oklahoma.

April 5, 1966.

Rehearing Denied July 5, 1966.

Mont R. Powell, Sam Hill, Moraul Bosonetto, Oklahoma City, for petitioner.

Albert M. Morrison, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

This is an original action to review an award of the State Industrial Court and the second time this cause has been before this court.

On July 11, 1963, Nath Bonny, Jr., hereinafter referred to as claimant, filed a claim for compensation before the State Industrial Court alleging that on January 16, 1963, while in the employment of Bryan Cole Transfer Company, he sustained an accidental injury to his right eye. On the same date, claimant and employer entered into a joint petition settlement on the basis of 25 per cent permanent partial disability to said eye as a result of the injury. The settlement was approved by the court.

On August 15, 1963, claimant's claim against the Special Indemnity Fund, hereinafter referred to as the Fund, was heard at which time the parties stipulated that claimant had sustained his last injury on January 16, 1963, while employed by Bryan Cole Transfer Company and that it resulted in 25 per cent permanent partial disability to the right eye. They further stipulated that claimant was a previously impaired person within the meaning of the Workmen's Compensation Act by reason of the total loss of his left eye resulting from an explosion of a dynamite cap in 1943. There was also testimony that the explosion caused a partial loss of vision of the right eye.

The trial judge found that claimant was a previously impaired person by reason of the accident in 1943, which "resulted in total loss of the left eye and partial loss of vision of the right eye" and entered an order finding that as a result of a combination of

claimant's previous disability with the disability sustained from the last injury, he was permanently and totally disabled for the performance of ordinary manual labor and entitled to 500 weeks compensation, less credit of 200 weeks for the total loss of both eyes. The order was affirmed on appeal by the court en banc.

The Fund brought an original action for review of that order. It contended the State Industrial Court erred in failing to find the degree of disability claimant sustained as a result of the last injury; that the court erred in failing to find the extent of claimant's disability prior to his last injury; that claimant was either permanently and totally disabled before the last injury by reason of industrial blindness in both eyes, or he was not permanently and totally disabled at the time of the award; and that the court made no finding with reference to the temporary total compensation paid and allowed on credit therefor.

On reviewing the record and considering the briefs of the parties we held in our previous opinion (Special Indemnity Fund v. Bonny, Okl., 397 P.2d 152) that the settlement on joint petition and approval by the State Industrial Court was an adjudication and determination of a 25 per cent permanent partial disability to the right eye resulting from the last injury within the meaning of 85 O.S.1961, Sec. 171. We held there was sufficient competent evidence to support the lower court's finding that claimant was not totally disabled prior to the last injury but that by a combination of the previous disability with the disability resulting from the last injury he was now permanently and totally disabled. We held the lower court erred in not allowing the Fund credit for the eight weeks temporary total compensation paid claimant as a result of the last injury. We further held it was the duty of the State Industrial Court to fix the degree of disability which made the claimant a previously impaired person.

In our opinion on page 157, we said:

"Therefore the award is vacated and the cause *remanded for* further proceed-

ings *for the express purpose of the Industrial Court determining and adjudging the percentage of disability sustained by the claimant by reason of the impairments constituting him a previously impaired person, and on such determination to deduct the compensation for that percentage of disability, the compensation for percentage of disability resulting from the last injury, and the eight weeks temporary total disability compensation paid, from the maximum compensation scheduled for one who is permanently and totally disabled and to assess* the balance or remainder, if any there be, against the Special Indemnity Fund." (emphasis ours).

After the mandate was issued, the State Industrial Court, in compliance with this court's order, set the cause for hearing and on September 27, 1965, entered its order, the pertinent parts being as follows:

"That on January 16, 1963, claimant sustained an accidental personal injury consisting of injury to his head, aggravating a cataract of the right eye, arising out of and in the course of his hazardous employment with respondent, Bryan Cole Transfer Company; that prior to said injury claimant was a physically impaired person by virtue of having sustained an accidental personal injury when he was fourteen years old, which resulted in total loss of the left eye and partial loss of vision of the right eye, which partial loss of vision of the right eye, being adjudicated as to percentage, and less than total loss, is not included in computing claimant's percentage of previous impairment.

"That due to claimant's injury to his right eye on January 16, 1963, he sustained 25 per cent permanent partial loss of vision in said right eye and is now industrially blind in said eye, and the claim arising was settled for the sum of $750.00 on joint petition.

"That as a result of the combination of the claimant's previous disability and the disability resulting from the last injury of January 16, 1963, claimant is now permanently and totally disabled for the performance of ordinary manual labor and is entitled to compensation for 500 weeks at $30.00 per week, or the total amount of $15,000.00, less the sum of $3,990.00, being credit for 133 weeks, or 100 weeks for the disability constituting claimant a previously impaired person, 25 weeks for the disability to claimant's right eye from the last injury, and 8 weeks which represents compensation paid to claimant for temporary total disability as a result of said injury of January 16, 1963, leaving the Special Indemnity Fund obligated to pay compensation to claimant for 367 weeks at $30.00 per week, or the total amount of $11,010.00."

The Fund seeks a review of that order and advances three propositions for vacation of the same. The propositions are substantially the same as those presented and argued before this court in the first appeal.

However, we feel there is but one question for our determination and that is whether the State Industrial Court has proceeded in conformity with our order in remanding the cause for further proceedings.

Where a cause is reversed and remanded by the Supreme Court with directions to proceed in accordance with the decision of the appellate court, and the court below proceeds in substantial conformity with such direction, its action will not be reversed on second appeal. Marshall v. Cantrell, 205 Okl. 192, 236 P.2d 262; Harsha v. Richardson, 33 Okl. 108, 124 P. 34; State ex rel. Mothershead v. Wilson, 116 Okl. 16, 242 P. 1039; Oklahoma City Electric, Gas & Power Co. v. Baumhoff, 21 Okla. 503, 96 P. 758.

In the first review of the lower court's actions we found against the Fund on all issues, with the exception of the question of temporary total compensation paid, and remanded the cause for the express purpose of the lower court doing two things: (1) determining and adjudging the percentage of disability sustained by the claimant by reason of the disability constituting him a

previously impaired person and on such determination to (2) deduct the compensation for that percentage of disability, the compensation for the percentage of disability resulting from the last injury, and the eight weeks temporary total disability paid, from the maximum compensation scheduled for one who is permanently and totally disabled.

The Fund urges, however, from our former opinion it was necessary in order to determine claimant a previously impaired person that the State Industrial Court find the degree of disability to claimant's left eye and the degree of disability to his right eye; that while it is agreed claimant's left eye is a total loss, the court erred when it did not make a finding as to the percentage of loss of vision of the right eye and allow the Fund credit for that disability.

■ We do not agree. The loss of one eye alone constitutes a workman a physically impaired person within the meaning of 85 O.S.1961, Sec. 171. Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180. An antecedent, unadjudicated partial loss of vision does not establish physical impairment within the definition of the above cited section and may not be considered as a factor in evaluating aggregate disability as a basis of liability against the Special Indemnity Fund. Special Indemnity Fund v. Liggens, Okl., 395 P.2d 805; Special Indemnity Fund v. Pogue, Okl., 389 P.2d 629; Special Indemnity Fund v. Long, Okl., 281 P.2d 933; Special Indemnity Fund v. Edmonds, 203 Okl. 419, 222 P.2d 742; Poteet v. Special Indemnity Fund, 201 Okl. 440, 206 P.2d 1143.

■ While 85 O.S.1951, Sec. 172, was amended in 1961 by Senate Bill No. 194 of the Twenty-Eighth Legislature of the State of Oklahoma, we find such amendment did not affect or change our holdings in the last cited cases. Where an employee is a physically impaired person, as in the instant case, and receives a subsequent injury and proceeds against the Special Indemnity Fund, 85 O.S.1961, Sec. 172, authorizes the combination of only those disabilities which rendered employee a physically impaired person and the disability due to the subsequent injury and does not authorize the combination of all of the disabilities that an injured employee has at the time of the subsequent injury which do not come within the definition of 85 O.S.1961, Sec. 171.

■ Before the State Industrial Court can enter an award against the Special Indemnity Fund, it must find (1) that claimant is a "physically impaired person" as defined by 85 O.S.1961, Sec. 171; (2) that he suffered a subsequent injury under the Workmen's Compensation Law which resulted in additional permanent disability; (3) that the disability resulting from the subsequent injury is combinable with the disability theretofore existing by reason of the previous impairment; and (4) that the combination of both disabilities, the old and the new, is materially greater than that which would have resulted from the subsequent injury standing alone. Special Indemnity Fund v. Wilbanks, Okl., 340 P.2d 469; Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795.

■ We find from the order complained of that the State Industrial Court made these necessary findings and proceeded in substantial conformity with our direction. It found that claimant was a previously impaired person by reason of the total loss of the left eye and partial loss of vision of the right eye but that since the partial loss of vision of the right eye had not been adjudicated and less than a total loss it was not included in computing claimant's percentage of previous disability. The court determined that the percentage of disability constituting claimant a previously impaired person was 100 weeks (the amount scheduled by law for the total loss of the left eye). It found that claimant sustained 25 per cent permanent partial disability to the right eye as a result of the last injury, or 25 weeks. It then determined and adjudged that as a result of the combination of claim-

ant's previous and last disabilities, he was permanently and totally disabled.

The court then deducted the 100 weeks and the 25 weeks plus the 8 weeks compensation paid for temporary total disability from the maximum of 500 weeks and ordered the Fund to pay the claimant the balance.

We find there is ample evidence to support the court's order. We also find that no substantial right of the Fund has been prejudiced by the lower court's action.

The award is therefore affirmed.

HALLEY, C. J., JACKSON, V. C. J. and WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.